**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Edwin HOUTCHENS,
Defendant–Appellant.**

No. 90–50052.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 1, 1990.

Decided Feb. 14, 1991.

Errol H. Stambler, Los Angeles, Cal., for defendant-appellant.

Jean E. Gilliland, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before WALLACE, Chief Judge, POOLE, Circuit Judge, and THOMPSON,* District Judge.

WALLACE, Chief Judge:

Houtchens appeals from his conviction of violating 18 U.S.C. § 1343 and 18 U.S.C. § 2314. Houtchens contends that the district judge erred by trying him in absentia, that he was denied effective assistance of counsel, and that the district judge failed to make required findings at sentencing. The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over

this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

I

On May 7, 1986, Houtchens and Tucker were indicted for mail and wire fraud for their solicitation of investments in a phony oil drilling venture. When Houtchens appeared and pleaded not guilty, he was allowed bail and ordered to be tried with co-defendant Tucker on November 4. Houtchens did not appear on the trial date and, at Tucker's request, the district court continued the trial until November 25.

Houtchens appeared voluntarily on November 17. The district judge denied the government's motion to remand Houtchens to custody, and ordered him to appear for trial on November 25. Houtchens again failed to appear as ordered. The district judge revoked Houtchens's bail, issued a bench warrant for his arrest, and continued the trial until December 2, in the hopes that Houtchens could be located so that he and Tucker could be tried together.

On December 2, 1986, the district judge once more continued the trial, so that further efforts could be made to locate Houtchens. Finally, on January 27, 1987, after finding that Houtchens had knowingly and voluntarily waived his right to be present, the district judge granted the government's motion to try Houtchens in absentia. Houtchen's counsel did not oppose the motion. The district judge also found that the interests of justice mandated that Houtchens be tried in absentia since the case involved two defendants involved in a single fraudulent scheme. After a six day trial, Houtchens was convicted on all counts.

Two and a half years after the conviction, Houtchens was apprehended and held for sentencing. At the hearing, Houtchens alleged numerous inaccuracies in the presentence report. The district judge found that the alleged inaccuracies would not af-

* Honorable Gordon Thompson, Jr., United States District Judge, Southern District of California, sitting by designation.

fect sentencing, and sentenced Houtchens to ten years in prison.

## II

■ Houtchens first contends that the district court erred by trying him in absentia. Whether a judge has the power to try a defendant in absentia is an issue of law, which we consider de novo. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). The judge's factual finding that a defendant has knowingly and voluntarily failed to appear at trial is reviewable for clear error. *See Brewer v. Raines*, 670 F.2d 117, 120 (9th Cir.1982) (*Brewer*) (knowing and voluntary waiver of right to be present is a question of fact).

### A.

■ Although the sixth amendment guarantees a defendant the right to be present at trial, this right can be waived. *Diaz v. United States*, 223 U.S. 442, 456–58, 32 S.Ct. 250, 254–55, 56 L.Ed. 500 (1912) (*Diaz*); *Taylor v. United States*, 414 U.S. 17, 20, 94 S.Ct. 194, 196, 38 L.Ed.2d 174 (1973) (*Taylor*). In *Diaz*, the defendant left the courtroom on two occasions, and the trial proceeded without him. *Diaz*, 223 U.S. at 453, 32 S.Ct. at 253. After conviction, he argued that his absences from trial deprived him of his constitutional right to confront witnesses. *Id.* The Supreme Court rejected this argument, and held that when a defendant voluntarily leaves trial, this "operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present." *Id.* at 455, 32 S.Ct. at 254.

■ The result in *Diaz* was codified in Federal Rule of Criminal Procedure 43(b), which provides that "whenever a defendant, initially present ... is voluntarily absent after the trial has commenced," that defendant shall be considered to have waived the right to be present at trial. Although this rule does not by its terms authorize trial in absentia when the defendant has never appeared at trial, we agree with our sister circuits that we should not "attach any special significance" to the language of the rule. *Government of Virgin Islands v. Brown*, 507 F.2d 186, 189 (3d Cir.1975) (*Brown*). Because Rule 43 was intended to restate existing law, it permits trial in absentia in all situations consistent with *Diaz*. *See* Advisory Committee Notes to Rule 43 (rule is "restatement of existing law"); *Brown*, 507 F.2d at 189 (language in rule merely paraphrases the holding in *Diaz*); *United States v. Peterson*, 524 F.2d 167, 183–84 (4th Cir.1975) (*Peterson*) (interpreting Rule 43 in light of the "purpose of the exception embodied in *Diaz*"), *cert. denied*, 423 U.S. 1088, 96 S.Ct. 881, 47 L.Ed.2d 99 (1976).

The question of whether *Diaz*, and thus Rule 43, permits trial in absentia when the defendant has never been present at trial is controlled by our reasoning in *Brewer*. There, we unequivocally rejected the argument that a defendant can waive the right to be present at trial only *after* the trial has begun. We stated instead that

> lest there be any misconception, nothing in *Diaz* suggests that this voluntary absence must take place after the trial has begun in order for there to be a waiver. This was simply the factual situation in which the question arose. A court is not precluded from holding a trial if the defendant voluntarily waives his presence before the trial commences.

*Brewer*, 670 F.2d at 119. Although *Brewer* was decided under the Arizona Rules of Civil Procedure, the waiver analysis was based on Supreme Court precedent, rather than Arizona law. Moreover, all circuits which have considered this issue have reached the same result under the Federal Rules. *See United States v. Crosby*, 917 F.2d 362 (8th Cir.1990); *United States v. Crews*, 695 F.2d 519, 520–21 (11th Cir. 1983); *Peterson*, 524 F.2d at 184; *Brown*, 507 F.2d at 189; *United States v. Tortora*, 464 F.2d 1202, 1208–10 (2d Cir.) (*Tortora*), *cert. denied*, 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972).

■ We agree with these circuits and hold that a defendant may be tried in ab-

sentia when, after sufficient notice, he or she knowingly and voluntarily fails to appear for trial. To hold otherwise, "would allow an accused at large upon bail to immobilize the commencement of a criminal trial and frustrate an already overtaxed judicial system until the trial date meets, if ever, with his pleasure and convenience." *Brown*, 507 F.2d at 189.

### B.

Nonetheless, Houtchens argues that he could not have knowingly and voluntarily waived his right to be present at trial, because after the first continuances, he was without notice of the actual trial date. Houtchens also argues that the district judge abused his discretion by proceeding to trial in his absence, because trial in absentia was not in "the interests of justice."

■ Initially, we observe that other circuits disagree on the standard of review applicable to the district judge's decision to proceed to trial without an absent defendant. *Compare United States v. Sanchez*, 790 F.2d 245, 251 (2d Cir.) ("district judges must have broad discretion in determining whether to proceed with a trial *in absentia* "), *cert. denied*, 479 U.S. 989, 107 S.Ct. 584, 93 L.Ed.2d 587 (1986), *with United States v. Hernandez*, 842 F.2d 82, 85 (5th Cir.1988) (court has only "narrow discretion" to proceed with trial when defendant is voluntarily absent), *and Brown*, 507 F.2d at 189 (considering only whether defendant waived right to be present at trial).

We believe the Third Circuit's focus on the factual issue of waiver is the best approach. Once a defendant has deliberately violated a court order to appear for trial, and thus waived his right to be present, the judge's discretion to proceed should not be limited to extraordinary circumstances. *Cf. Tortora*, 464 F.2d at 1210. These constraints on the district judge's discretion are not required by Rule 43, or by previous waiver cases. *See* Fed.R.Crim.P. 43(b) (progress of trial "shall not be prevented" by defendant's absence); *Diaz*, 223 U.S. at 455, 32 S.Ct. at 253 (defendant's absence operates as a waiver which "leaves the court free to proceed"); *Taylor*, 414 U.S. at 20, 94 S.Ct. at 196, *quoting Illinois v. Allen*, 397 U.S. 337, 349, 90 S.Ct. 1057, 1063, 25 L.Ed.2d 353 (1970) (Brennan, J., concurring) (" 'there can be no doubt whatever that the governmental prerogative to proceed with a trial may not be defeated by conduct of the accused that prevents the trial from going forward' "); *see also Brown*, 507 F.2d at 190 ("[a] defendant has a right to his day in court, but he does not have the right unilaterally to select the date and hour"). We therefore hold that our review of the judge's discretionary decision to try a defendant in absentia will be limited to reviewing the factual finding that the defendant knowingly and voluntarily failed to appear.

### C.

■ We next consider Houtchens's argument that the district judge clearly erred by finding that he was voluntarily absent from trial. Houtchens contends that he could not have waived his right to be present at trial, because he was unaware of the actual trial date. After Houtchens failed to appear for trial on November 4, the district judge continued the trial four times in an attempt to secure Houtchens's presence. Houtchens apparently concedes that the trial could have proceeded on November 4 or November 25, both of which dates he had actual notice. However, he argues that once the district judge continued the trial again, he was without notice of the trial date, and could not have waived his right to be present.

This argument is foreclosed by our analysis in *Brewer*, in which a judge ordered several continuances after a defendant failed to appear for trial, but eventually proceeded to trial without the defendant present. The defendant later appealed, arguing that he could not have waived his right to be present, because he had no notice of the actual trial date. *Brewer*, 670 F.2d at 119. We rejected this argument, stating that

> [t]he record shows that the petitioner was informed of his original trial date.... This notice was sufficient to

evoke a knowledgeable waiver of petitioner's right to be present. Brewer's failure to know of the continued dates of his trial ... is directly attributable to his failure to keep in contact with the court and his attorney. *A defendant cannot be allowed to keep himself deliberately ignorant and then complain about his lack of knowledge.*

*Id.* (emphasis added). The reasoning in *Brewer* is applicable here. There is no dispute that Houtchens knew of his original and second trial dates, and that he deliberately violated the court orders to appear. In doing so, Houtchens waived his right to be present. The district judge's further continuance orders, in an attempt to safeguard Houtchens's rights, do not nullify Houtchens's original waivers.

Houtchens presents no additional evidence, and we have found none, to support a claim that his absence from trial was not knowing and voluntary. *Cf. United States v. Latham*, 874 F.2d 852, 859 (1st Cir.1989) (defendant who was hospitalized for potentially lethal drug overdose was not voluntarily absent). The district judge's finding that Houtchens waived his right to be present was not clearly erroneous. *See United States v. Zavala–Serra*, 853 F.2d 1512, 1515 (9th Cir.1988) (describing "clear error" standard). We therefore affirm the district judge's decision to try Houtchens in absentia.

## III

■ Houtchens next argues that he was denied effective assistance of counsel. To prove his claim, Houtchens must demonstrate that counsel's actions were "outside the wide range of professionally competent assistance," and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687–90, 104 S.Ct. 2052, 2064–66, 80 L.Ed.2d 674 (1984).

■ We do not reach the merits of Houtchens's ineffective assistance of counsel claim, because this case is on direct appeal. "The customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by

collateral attack on the conviction under 28 U.S.C. § 2255." *United States v. Birges*, 723 F.2d 666, 670 (9th Cir.), *cert. denied*, 466 U.S. 943, 104 S.Ct. 1926, 80 L.Ed.2d 472 (1984). The rationale for this rule is that "such a claim cannot be advanced without the development of facts outside the original record." *Id.*

## IV

■ Houtchens finally argues that the district judge violated Federal Rule of Criminal Procedure 32 by failing to resolve factual disputes prior to sentencing. We require strict compliance with Rule 32, and if the district court "failed to make the required Rule 32 findings or determinations at the time of sentencing, we must vacate the sentence and remand for resentencing." *United States v. Fernandez–Angulo*, 897 F.2d 1514, 1516 (9th Cir.1990) (*Fernandez–Angulo*).

Rule 32(c)(3)(D) provides that when the defendant alleges factual inaccuracies in the presentence report, the judge must either make "a finding as to the allegation," or state that "no such finding is necessary because the matter controverted will not be taken into account in sentencing." Fed.R. Crim.P. 32(c)(3)(D). The finding or determination must be in writing and attached to the presentence report made available to the Bureau of Prisons. *Id.*

■ Houtchens argues that the district court failed to comply with Rule 32(c)(3)(D), because he did not provide a written ruling on Houtchens's motion to correct inaccuracies in the presentence report. However, the district judge stated at the sentencing hearing that since the alleged inaccuracies do not "affect the sentencing in this matter, I believe I may proceed with it." We conclude that this statement sufficiently indicates that the district judge's sentence would not be based on the alleged inaccuracies and, thus, the district judge did make the determination required by the rule.

■ The district judge failed to attach his ruling to the presentence report, but this is only a technical violation of the rule and not grounds for resentencing. *Fer-*

*nandez–Angulo*, 897 F.2d at 1517; *Doganiere v. United States*, 914 F.2d 165, 169 (9th Cir.1990) (*Doganiere*). Rather, the appropriate remedy is to order the district court to send a new copy of the presentence report to the Bureau of Prisons with the statement attached. *Doganiere*, 914 F.2d at 169. We direct the district court to do so.

AFFIRMED.