951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin Andre NEWBURN, Defendant-Appellant
 No. 90-50007.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1991.*
Decided Dec. 13, 1991.
 
 Before FARRIS, PREGERSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin Newburn was tried and convicted in absentia before a jury of one count of distributing a controlled substance within 1,000 feet of a public high school and one count of possessing with the intent to distribute a controlled substance within 1,000 feet of a public high school, both counts in violation of 21 U.S.C. §§ 841(a)(1) and 845a. On appeal, Newburn raises three issues. We have jurisdiction under 28 U.S.C. § 1291, reject each issue in turn, and affirm the district court judgment.
 
 OVERVIEW
 
 3
 On June 3, 1989, Newburn sold 0.8 grams of rock cocaine ("crack") to an undercover police officer. He was arrested moments later with an additional 8.3 grams of crack in his possession. On August 28, 1989, the day before trial, Newburn informed the public defender that he wished to retain new counsel. Up to this point, Newburn had met with the public defender for one-and-one-half hours. Counsel, for her part, had entered into plea negotiations with the prosecutor, had brought a successful motion in limine, had attempted contact with the two witnesses suggested by Newburn, and had reviewed the discovery provided by the government.
 
 
 4
 On the morning of trial, the defense attorney informed the court of Newburn's desire to retain new counsel. The judge asked Newburn a series of questions concerning the cause of his dissatisfaction, and asked counsel whether she was prepared for trial. She replied affirmatively. The judge denied Newburn's request.
 
 
 5
 On the first day of trial, Newburn learned in open court that a state warrant for his arrest would be executed that day. When the court reconvened for the afternoon session, Newburn was absent. Inquiries as to his whereabouts were made by defense counsel and the Marshal's office, with no positive result. The trial was adjourned until the following day, then resumed without Newburn. Newburn was found guilty on both counts. He surrendered to authorities on November 3, 1989.
 
 DISCUSSION
 I.
 
 6
 Newburn first argues that it was reversible error for the district court to refuse him his request to substitute counsel. The decision whether to substitute counsel rests within the sound discretion of the trial court judge. United States v. Mills, 597 F.2d 693, 700 (9th Cir.1979); United States v. Torres-Rodriguez, 930 F.2d 1375, 1380 (9th Cir.1991).
 
 
 7
 In reviewing the district court's decision, three factors are considered: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into defendant's complaint; and (3) whether the conflict between the defendant and his counsel resulted in a total breakdown in communication. United States v. McClendon, 782 F.2d 785, 789 (9th Cir.1986).
 
 
 8
 Newburn did not indicate his desire for new counsel until the day before trial, and his motion was not brought until the day of trial. It is well within the sound discretion of the trial judge to deny a motion to substitute counsel made on the morning of trial. McClendon, 782 F.2d at 789.
 
 
 9
 Newburn cites two cases in which we reversed the district court for denying a motion to substitute made on the morning of trial. Neither are of avail to him. In Torres-Rodriguez, the defendant appeared with his chosen counsel and was prepared to proceed with the trial. Newburn was not so prepared, referring vaguely to a "family lawyer" who might be able to represent him. In United States v. Walker, 915 F.2d 480 (9th Cir.1990), Walker notified the court by letter one week prior to trial of his desire to dismiss counsel, and defense counsel stated to the court a desire to withdraw. Newburn did not notify the court until the morning of trial, and his counsel informed the court that she was prepared and willing to proceed.
 
 
 10
 The judge made a sufficient, if not solicitous, inquiry into the dispute between Newburn and his counsel. Government's Excerpt of Record, pages 7-21. See McClendon, 782 F.2d at 789. Finally, the breakdown in communication here, rather than preceding and providing the basis for Newburn's decision to seek new counsel, resulted from Newburn's decision to attempt substitution of counsel. Where the reason for the breakdown is the defendant's voluntary conduct, substitution of counsel is not warranted. Hudson v. Rushen, 686 F.2d 826, 831 (9th Cir.1982).
 
 
 11
 We reject Newburn's contention that the district court erred in denying his request to substitute counsel.
 
 II.
 
 12
 Next, Newburn argues that it was reversible error for the trial court to proceed in absentia. We review de novo whether a judge has the power to try a defendant in absentia, and review for clear error a judge's factual finding that a defendant was knowingly and voluntarily absent from trial. U.S. v. Houtchens, 926 F.2d 824, 826 (9th Cir.1991).
 
 
 13
 The law in this area is clear. The Federal Rules of Criminal Procedure provide that "the defendant shall be considered to have waived the right to be present whenever a defendant, initially present ... is voluntarily absent after the trial has commenced...." Fed.R.Crim.Pro. 43(b), codifying Diaz v. United States, 223 U.S. 442 (1912). We have stated conclusively that "a defendant may be tried in absentia when, after sufficient notice, he or she knowingly and voluntarily fails to appear for trial." Houtchens, 926 F.2d at 827. After fleeing the court house in the midst of trial in order to avoid arrest, Newburn was voluntarily absent from trial. He waived his right to be present, and cannot now prevail on the claim that his trial in absentia violated that right.
 
 III.
 
 14
 Finally, Newburn urges that the trial court's refusal to give jury instructions on the lesser included offense of possession for personal consumption is reversible error as to count two. Where a defendant's requested instruction is supported "by some evidence," a trial court's failure to give the instruction is reversible error. United States v. Sotelo-Murillo, 887 F.2d 176, 178 (9th Cir.1989). The level of evidence required of the defendant is low. "[T]he evidence may be weak, insufficient, inconsistent, or of doubtful credibility." Id. (quoting United States v. Yarbrough, 852 F.2d 1522 (9th Cir.), cert. denied, 988 U.S. 866, 109 S.Ct. 171 (1988)).
 
 
 15
 Nevertheless, the defendant must adduce some evidence. United States v. Linn, 880 F.2d 209, 218 (9th Cir.1989). Here, Newburn introduced no evidence whatsoever which would show personal use of crack. While defense counsel on cross-examination did establish that a person addicted to crack could consume approximately 8.3 grams in one day, no evidence was offered to show that Newburn was an addict of that proportion, or even an occasional user. For this reason, we reject Newburn's contention that the denial of an instruction on personal consumption is an error for which we should reverse the district court.
 
 CONCLUSION
 
 16
 Newburn has offered three separate grounds of appeals. We have rejected each in turn. The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3