993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Noble DEBAMAKA, Defendant-Appellant.
 No. 91-50446.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 3, 1993.*
Decided May 6, 1993.
 
 Before KOZINSKI, SUHRHEINRICH** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Noble Debamaka pleaded guilty to conspiracy to possess and possession with intent to distribute heroin, 21 U.S.C. §§ 846, 841(a)(1), and conspiracy to import and importation of heroin, 21 U.S.C. §§ 952(a), 960(a)(1). He now claims that there was no reasonable suspicion for his detention or for the x-ray and strip search of him; that there wasn't probable cause for his arrest; that he didn't consent to the x-ray; and that his arrest and search were the product of racial bias.
 
 
 3
 We don't address the merits of any of these claims. Debamaka pleaded guilty in open court; the court conducted an extended colloquy with Debamaka, ensuring his plea was knowing and voluntary. RT 2/12/91 at 4-18. "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). A defendant wishing to preserve any points of law for appeal must enter a conditional guilty plea pursuant to Fed.R.Crim.P. 11(a)(2).
 
 
 4
 The rule in Tollett does not, of course, apply to claims of errors in sentencing after the guilty plea. Thus we reach Debamaka's claim that he was improperly denied credit for substantial assistance, but we reject it on the merits: The court did give him credit for substantial assistance. The court reduced his offense level category from 30 to 28, and sentenced him to 87 months, at the low end of his Guidelines range. RT 7/22/91 at 11.
 
 
 5
 Finally, Debamaka claims he was denied effective assistance of counsel. "[T]he customary procedure in this Circuit for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255, and this Court has been chary of analyzing insufficiency of counsel claims on direct appeal." United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.1984) (per curiam) (citation omitted), cert. denied, 470 U.S. 1058 (1985). We can't divine whether Debamaka's claims in this regard have any merit, as no record has been developed. We therefore decline to review the ineffective assistance claims on direct review. See, e.g., United States v. Simas, 937 F.2d 459, 463 (9th Cir.1991); United States v. Houtchens, 926 F.2d 824, 828 (9th Cir.1991).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Richard F. Suhrheinrich, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 Debamaka alleges in his pro se brief that the government promised, in off-the-record meetings in the absence of counsel, additional credit for "time served" in exchange for his substantial assistance. Pro Se Brief at 39-40. The record, of course, does not and could not reflect such conversations.