15 F.3d 1091
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rachelle COX, Defendant-Appellant.
 No. 9210693.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1993.
Decided Jan. 27, 1994.
 
 1
 Before: KOZINSKI and O'SCANNLAIN, Circuit Judges, and KELLEHER,* District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Rachelle Cox appeals the sentence imposed for her conviction of possessing with intent to distribute a controlled substance, and aiding and abetting, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2.
 
 I.
 
 4
 Cox argues that the district court erred in attributing to her the full amount of methamphetamine found in the bedroom she shared with co-defendant Earl Byers. A district court's factual determinations made in the course of applying the sentencing guidelines are reviewed for clear error. United States v. Sanchez, 967 F.2d 1383, 1384 (9th Cir.1992). The amount of contraband attributable to a defendant for sentencing purposes is a factual issue to be determined by the trial court at sentencing. United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991), cert. denied, 112 S.Ct. 1186 (1992). We are convinced that the district court did not commit clear error in attributing to Cox the full amount of methamphetamine found in her bedroom.
 
 II.
 
 5
 Cox also argues that the district court erred in not making a downward departure due to Cox's "incomplete duress" defense. A district court's discretionary decision not to depart downward is not reviewable. United States v. Morales, 898 F.2d 99, 101 (9th Cir.1990). We are convinced that the district court was aware that it had the ability to make a downward departure on the basis of Cox's incomplete duress defense. As such, its decision not to make the requested downward departure is not reviewable.
 
 III.
 
 6
 Finally, Cox argues that the district court violated Federal Rule of Criminal Procedure 32 by failing to resolve factual disputes prior to sentencing. If a defendant alleges a factual inaccuracy in the presentence report, "the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account at sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter make available to the Bureau of Prisons." Fed.R.Crim.P. 32(c)(3)(D) ("Rule 32").
 
 
 7
 Strict compliance with Rule 32 is required and failure to comply will result in the case being remanded. United States v. Turner, 898 F.2d 705, 709. (9th Cir.), cert. denied, 495 U.S. 962 (1990). So long as the district court makes the required findings or determinations, however, failure to put them in writing "is only a technical violation of the rule and not grounds for resentencing." United States v. Houtchens, 926 F.2d 824, 828 (9th Cir.1991).
 
 
 8
 The only allegedly factual inaccuracy Cox raised related to the information attributed to the informant Jesse Baldanegro. It is clear that the district court made a determination, as required by Rule 32, that the information attributed to the informant Jesse Baldanegro would not be taken into account at sentencing. However, it is equally clear that this determination was not appended to the copy of the presentence report sent to the Bureau of Prisons. In such a situation, "the appropriate remedy is to order the district court to send a new copy of the presentence report to the Bureau of Prisons with the [determination] attached." Houtchens, 926 F.2d at 829 (citation omitted). We direct the district court to do so.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3