83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Morton TURLINGTON, Petitioner-Appellant,
v.
Samuel A. LEWIS; Grant Woods, Attorney General,
Respondents-Appellees.
 Nos. 95-15983, 95-15986.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 2, 1996.*
Decided April 17, 1996.
 
 Before: SNEED, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Morton Turlington appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition and the accompanying motion for an evidentiary hearing. He contends an evidentiary hearing is necessary to determine whether he voluntarily absented himself from his court proceedings because the state court's finding that he did so absent himself is not supported by the record. We affirm.
 
 I.
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 Turlington was arrested in Cochise County, Arizona, on charges of theft on December 6, 1992. His initial appearance in the Cochise County Superior Court was held the same day. Turlington signed a release form which released him on his own recognizance and allowed him to join his wife in Fort Collins, Colorado. By the terms of this release, he also agreed to appear at all further court proceedings, to notify the court of any change of address, and to be available in Cochise County within 48 hours of being requested to do so. The form also clearly stated that if he failed to appear as required, the trial or proceedings could proceed without him and a warrant for his arrest could be issued.
 
 
 4
 The State of Arizona filed a motion to modify conditions of release on December 10, 1982, in order to obtain an appearance bond. When Turlington failed to appear at the December 16, 1982, hearing on this motion, a warrant was issued for his arrest.
 
 
 5
 Turlington also failed to appear at his preliminary hearing on January 4, 1983. His attorney, Alan Polley, stated that he had last spoken with Turlington on December 10, 1982, and that he had no idea of Turlington's whereabouts. In response to Polley's request that the matter not proceed in Turlington's absence, the judge stated:
 
 
 6
 Court remembers well and here on the 6th of December when I personally instructed Mr. Turlington on the points that [the prosecutor] raised earlier about if he wasn't [at his preliminary hearing or trial, the proceedings would continue in his absence].... [T]he court denies the motion and intends to proceed with the preliminary hearing at this time."
 
 
 7
 The State then moved to try Turlington in absentia. At a hearing on this motion in superior court on March 21, 1983, a New Mexico state police officer testified that on December 13, 1982, he discovered Turlington's Chevy Suburban abandoned in a New Mexico reservoir. The officer saw footprints leading away from the car and found some of Turlington's property inside the car.
 
 
 8
 The superior court judge found that Turlington had voluntarily failed to appear at his court proceedings after having been advised of his preliminary hearing date, his right to be present at his court proceedings, and that the proceedings could continue in his absence if he failed to appear. The State's motion to try Turlington in absentia was granted.
 
 
 9
 On June 9, 1983, following a three-day trial in state court in which the defense rested without presenting evidence, a jury convicted Turlington of theft of property having a value greater than $1,000, and engaging in a fraudulent scheme and artifice.
 
 
 10
 More than eight years later, on September 25, 1991, the Federal Bureau of Investigation apprehended Turlington in Florida, where he was living under an alias. He was arrested, transported to Arizona, and later sentenced to concurrent sentences of 10 years for the theft count and 21 years for the fraud count.
 
 
 11
 The Arizona Court of Appeals affirmed Turlington's conviction on April 20, 1993. His state petition for post-conviction relief was denied in superior court on August 5, 1993. His petitions for review of these two decisions were both denied by the Arizona Supreme Court on December 1, 1993. Turlington filed his habeas petition in district court on September 15, 1994. This petition was denied on July 14, 1994. Turlington timely appealed.
 
 
 12
 The district court had jurisdiction over the habeas petition under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253. We affirm.
 
 II.
 DISCUSSION
 
 13
 Turlington asserts that the district court erred in denying him an evidentiary hearing because the state court's determination that he voluntarily absented himself from his preliminary hearing, his arraignment, and his trial is not supported by the record.
 
 A. Standards of Review
 
 14
 We review de novo the district court's denial of a petition for writ of habeas corpus. Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). We review for an abuse of discretion the district court's decision to deny a petitioner's request for an evidentiary hearing. Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991). "[O]ur review of the [trial] judge's discretionary decision to try a defendant in absentia [is] limited to reviewing the factual finding that the defendant knowingly and voluntarily failed to appear." United States v. Houtchens, 926 F.2d 824, 827 (9th Cir.1991). That factual finding is reviewed for clear error. Id. at 826.
 
 B. Evidentiary Hearing
 
 15
 In habeas proceedings, an evidentiary hearing is required when "(1) the petitioner's allegations, if proved, would establish the right to relief ...; and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts." Greyson, 937 F.2d at 1415 (citations omitted); see also Lawson v. Borg, 60 F.3d 608, 611 (9th Cir.1995) (state court factual findings presumed correct unless one of eight exceptions applies).
 
 
 16
 However, "an evidentiary hearing is not required on allegations that are 'conclusory and wholly devoid of specifics.' Nor is an evidentiary hearing required on issues that can be resolved by reference to the state record." Campbell, 18 F.3d at 679 (citations omitted). The petitioner bears the burden of demonstrating that the state court's findings are not supported by the record. Greyson, 937 F.2d at 1415. Our task, therefore, is to examine the record to determine whether the state court's finding that Turlington's absence was voluntary is supported by the record.
 
 C. Voluntary Absence
 
 17
 We commence by observing that the Sixth Amendment guarantee of a criminal defendant's right to be present at trial and other criminal proceedings against him can be waived. Taylor v. United States, 414 U.S. 17, 20 (1973); Houtchens, 926 F.2d at 826. Such waiver, of course, must be voluntary, knowing, and intelligent. Campbell v. Wood, 18 F.3d 662, 671 (9th Cir.), cert. denied, 114 S.Ct. 2125 (1994).
 
 
 18
 Under Arizona's rules of criminal procedure, the court may infer an absence is voluntary if the defendant had personal notice of (1) the time of the proceeding, (2) his right to be present at it, and (3) a warning that the proceeding would go forward in his absence should he fail to appear. Ariz.R.Crim.P. 9.1. We have held that Rule 9.1 "comports with the requirements of a waiver of the defendant's constitutional rights provided that the defendant is afforded a hearing to determine whether his absence was, in fact, voluntary." Brewer v. Raines, 670 F.2d 117, 120 (9th Cir.1982).
 
 
 19
 At the March 21, 1983, hearing on the State's motion to try Turlington in absentia, the state court found that Turlington had voluntarily absented himself from the proceedings. This finding is supported by the state record. He was informed at his initial appearance of his right to be present at all proceedings and that if he failed to appear, those proceedings would continue in his absence. See Ariz.R.Crim.P. 9.1; Brewer, 670 F.2d at 120.
 
 
 20
 The record is ambiguous as to whether Turlington was informed at his first appearance of the date of his preliminary hearing. However, the record does indicate that Turlington's preliminary hearing date of January 4, 1983, was set no later than December 9, 1982, and the trial court explicitly found that it had informed Turlington of the preliminary date at his initial appearance. It is significant that the record also indicates that Turlington's attorney never alleged that Turlington had not been informed of the date of the preliminary hearing.
 
 
 21
 The state court's finding of voluntary absence receives additional support in the record. The New Mexico police officer's testimony at the March 21 hearing supports an inference that Turlington attempted to stage a disappearance. Moreover, Turlington lived in Florida under an assumed name for eight years, during which he made no attempt to contact his attorney or the court to determine the status of his case, or to provide his address.
 
 
 22
 The question of the voluntariness of Turlington's absence can be adequately resolved by reference to the state record. The district court properly denied his petition without an evidentiary hearing. The district court judgment is therefore affirmed.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3