127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnaton Sampson GEORGE, Defendant-Appellant.
 No. 96-50671.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 10, 1997.**
Decided October 15, 1997.
 
 Appeal from the United States District Court for the Central District of California, Marilyn L. Huff, District Judge, Presiding; No. CR-92-00396-MLH.
 Before: O'SCANNLAIN, FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant George appeals his sentence of life imprisonment without parole imposed after remand for resentencing in an earlier appeal. United States v. George, 56 F.3d 1078 (9th Cir.1995) ("Georqe I "). George argues in this appeal that (1) the district court violated the Sixth Amendment and Federal Rule of Criminal Procedure 43 by sentencing him in his absence, and (2) the district court's decision to depart upwards from the Sentencing Guidelines was an abuse of discretion. Because the parties are familiar with the procedural and factual history of this case, we will not reiterate it here.
 
 
 3
 * We review the district court's factual finding that a defendant has knowingly and voluntarily waived his right to be present at a criminal proceeding for clear error. U.S. v. Houtchens, 926 F.2d 824, 826 (9th Cir.1991). Waiver of the right to be present is predicated on a knowing and voluntary relinquishment of the right. It is unnecessary, however, for the prosecution or the court to show that the defendant knew or was specifically warned that the sentencing would continue in his absence. Taylor v. United States, 414 U.S. 17, 19 (1973).
 
 
 4
 The district court did not err in its waiver finding. At the resentencing hearing at San Quentin prison, a correctional officer testified he had personally informed the defendant of the sentencing hearing and that all of the requisite parties, including the judge, were in the boardroom at San Quentin. The defendant twice refused to attend. The court then started the hearing, but stopped again a short time later to give a correctional officer a third opportunity to check with the defendant and see if he wished to attend. The sergeant reported back that the defendant again refused.
 
 
 5
 George now argues that the district court should have had him forcibly brought to the hearing, effectively requiring an against-his-will, forcible exercise of his constitutional rights. We decline to mandate that the district court take such action when faced with the defendant's voluntary relinquishment of the right to be present. The court's determination that the defendant voluntarily waived his rights was not clearly erroneous.
 
 II
 
 6
 We review a district court's decision to depart from the Sentencing Guidelines for an abuse of discretion. United States v. Sablan, 114 F.3d 913, 916 (9th Cir.1997) (en banc). The court may depart from the guidelines if "reliable information" indicates that the criminal history category does not adequately reflect the seriousness of the defendant's criminal record or if there is a likelihood that the defendant will commit future crimes. See U.S.S.G. § 4A1.3.
 
 
 7
 After a thorough review of the district court's analysis, we find no abuse of discretion in the upward departure. Because we find that the district court's departure was appropriate, we do not reach the issue of upward departures under the Armed Career Criminal Act.
 
 Conclusion
 
 8
 George voluntarily waived his constitutional right to be present at his resentencing hearing. The district court did not abuse its discretion in departing to a hypothetical criminal history category VIII.
 
 AFFIRMED
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3