**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Valentina LIZARRAGA, Defendant–Appellant.**

No. 00–10320.

D.C. No. CR 99–00757–RCC.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.*

Decided May 30, 2001.

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Valentina Lizarraga appeals from her guilty plea conviction and 120–month sentence imposed for importation of cocaine in violation of 21 U.S.C. §§ 952(a) and 960(b)(1)(B)(ii). Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Lizarraga's counsel has filed a brief stating that there are no arguable issues for review, and a motion to withdraw as counsel of record. Counsel has identified and correctly rejected as a potential issue for appeal whether Lizarraga's waiver of her statutory right to appeal

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

was voluntary and knowing. The record confirms that this claim lacks merit.

Lizarraga filed a supplemental pro se brief raising one additional issue. She asserts that counsel was ineffective for failing to advise her of a "mere presence" defense. The record is not sufficiently developed on this claim; therefore, we decline to address it on direct appeal. *See United States v. Houtchens,* 926 F.2d 824, 828 (9th Cir.1991) (declining to reach merits of defendant's ineffective assistance claim because "such a claim cannot be advanced without the development of facts outside the original record") (citations omitted). This disposition is without prejudice to Lizarraga raising an ineffective assistance of counsel claim in a 28 U.S.C. § 2255 habeas petition. *See id.*

Having conducted an independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 83–84, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we conclude that there are no arguable appellate issues on direct appeal.

Counsel's motion to withdraw is GRANTED, and the district court's judgment is AFFIRMED.