**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael VU, Defendant–Appellant.**

**Nos. 01–10015, 01–10016.**
**D.C. Nos. CR–99–20193–RMW, CR–99–20126–RMW.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 15, 2002.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

In these consolidated appeals, Michael Vu appeals in no. 01–10015 his jury-trial conviction and 33–month sentence for interstate and foreign transportation of stolen property, in violation of 18 U.S.C. § 2314, and in no. 01–10016, his guilty-plea conviction and concurrent 37–month sentence for wire fraud, in violation of 18 U.S.C. § 1343. Vu's lawyer has filed a brief and a motion to withdraw as counsel of record pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Vu has filed a pro se supplemental brief.

In his pro se brief, Vu contends that his wire fraud conviction and sentence should be vacated because the government engaged in misconduct or breached the plea agreement by making oral promises in order to induce a guilty plea and then not following through on those promises. However, the record does not support Vu's claim. There is no evidence of the alleged oral agreement, merely Vu's statement on appeal that the promises were made. In addition, at the change-of-plea hearing, Vu stated under oath in open court that no promises other than those in the written plea agreement had been made, and the plea agreement contains a similar acknowledgment by Vu that it contained all the promises between the parties. The record on appeal does not show that Vu's guilty plea was improperly induced by government misconduct or that the government breached any agreement with him. *See United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir.1987) (noting that "[s]olemn declarations in open court carry a strong presumption of verity" in rejecting later claim of involuntariness of guilty plea) (internal quotation omitted).[1]

We take notice, *sua sponte*, of the fact that the judgment and commitment order in case number CR–99–20126–RMW incorrectly states the disposition of the charges and the offense of conviction. We therefore remand in no. 01–10016 for the limited purpose of directing the district court to correct these errors. *See* 28 U.S.C. § 2106; Fed.R.Crim.P. 36. Our independent review of the record under *Penson v. Ohio*, 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no other issues requiring further review. Accordingly, counsel's motion to withdraw is GRANTED, the district court's judgment is AFFIRMED, and no. 01–10016 is REMANDED with instructions.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We recognize that Vu twice answered "yes" to the district court's question regarding whether any promises other than those in the plea agreement had been made. However, his final answer to that question was "no." The transcript of the proceedings does not indicate that there was any pause in the proceedings or that any off-the-record discussion occurred. Vu may attempt to develop evidence concerning his answers and the existence of oral promises through a motion pursuant to 28 U.S.C. § 2255. *See United States v. Houtchens*, 926 F.2d 824, 828 (9th Cir. 1991) (stating that claims that require development of facts outside the original record, in that case a claim of ineffective assistance of counsel, are properly raised in a motion pursuant to § 2255).