**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Abel VASQUEZ, Defendant—Appellant.**

No. 01–50325.

D.C. No. CR–99–00802–CAS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 11, 2002.

Decided Nov. 7, 2002.

Before HUG, BRUNETTI and O'SCANNLAIN, Circuit Judges.

## MEMORANDUM[*]

Abel Vasquez appeals his conviction and sentence under 21 U.S.C. §§ 846, 841(a)(1), 843(a)(7), and 18 U.S.C. § 2, for conspiracy to aid and abet the manufacture of methamphetamine, and to distribute chemicals used to manufacture a controlled substance, knowing or having reasonable cause to believe that the chemicals be used to manufacture a controlled substance; aiding and abetting the manufacture of a substance containing a detectable amount of methamphetamine; and distributing chemicals used to manufacture a controlled substance, knowing or having reasonable cause to believe that the chemicals would be used to manufacture a controlled substance. Vasquez challenges his conviction on several different grounds.

Vasquez first argues that the evidence presented at trial was insufficient to sustain a guilty verdict against him. Next, he contends that the district court erred by failing to instruct the jury on critical elements of the offenses, by failing to grant his motion for judgment of acquittal, by sentencing him based on a quantity of drugs not found by the jury to be attributable to him, and by admitting the out-of-court statements of a co-defendant as a co-conspirator's statement in furtherance of the conspiracy. Finally, Vasquez alleges that he obtained ineffective assistance of counsel by trial counsel's failure to request a jury instruction relating to "reasonable cause to believe." We affirm the district court on all the issues raised by Vasquez.

Vasquez's first argument fails because there was sufficient evidence presented at trial to sustain a guilty verdict against him. There is sufficient evidence to support a conviction if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis omitted); *see also United States v. Deeb*, 175 F.3d 1163, 1168 (9th Cir.1999). At trial, the government introduced substantial evidence which was subject to cross examination. This evidence ranged from numerous intercepted conversations in which Vasquez personally received and placed orders for Freon using code words to describe the chemicals, to the fact that Vas-

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

quez sold over 300,000 pounds of Freon over a two-year period, to doctored records portraying a cleaning company for which the chemical purchases were allegedly being made. Because a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, this argument is without merit.

Vasquez next contends that the district court erred by failing to instruct the jury on critical elements of the offenses. Vasquez argues that the district court failed to instruct the jury that he not only knew that he was selling Freon, but also that he knew the Freon would be used to manufacture methamphetamine specifically. Vasquez's contention is incorrect. There is no statutory requirement that the individual violating § 841(a)(1) and 843(a)(7) have any knowledge of the type of controlled substance at issue. Vasquez was only required to have known or to have had reasonable belief that the Freon would be used to manufacture "some prohibited drug." *See United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.2002); *United States v. Lopez–Martinez*, 725 F.2d 471, 474–75 (9th Cir.1984). The jury instructions on this requirement were clear. Thus, this argument fails.

Vasquez further argues that the district court erred by failing to grant the motion for judgment of acquittal pursuant to Rule 29. This argument also fails. As previously stated, because a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, there was sufficient evidence to support the verdict.

Vasquez next contends that the district court failed to instruct the jury regarding the appropriate basis for finding the amount of drugs for which he was responsible. He relies on *Apprendi* in support of his argument. *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi* is not ap-

plicable here. In this case, appellant was sentenced to 135 months in prison which is less than the 20–year statutory maximum for an offense involving an unspecified amount of methamphetamine. 21 U.S.C. § 841(b)(1)(C). Therefore, this argument is without merit and the district court did not err in failing to provide such an instruction.

Furthermore, the district court did not err by basing the sentence on section 2D1.1 of the sentencing guidelines. The district court made specific findings as to drug quantity based on the amount of drugs that could have been produced by the amount of Freon found. *United States v. Garcia–Sanchez*, 189 F.3d 1143, 1147 (9th Cir.1999). Moreover, Vasquez was convicted not only of distributing chemicals, but also of aiding and abetting the manufacture of methamphetamine, in violation of 21 U.S.C. § 841(a). Pursuant to the sentencing guidelines, the proper guideline section for a violation of 21 U.S.C. § 841(a) is U.S.S.G. § 2D1.1. Accordingly, the district court did not err in sentencing Vasquez.

Vasquez also contends that the district court abused its discretion by admitting the out-of-court statements of a co-conspirator's statement in furtherance of the conspiracy. This argument fails. Pursuant to Fed.R.Evid. 801(d)(2)(E), statements made during the course and in furtherance of the conspiracy by co-conspirators are admissible. The district court found that each transcript in question, contained co-conspirator statements made in furtherance of the conspiracy. Therefore, the district court did not abuse its discretion in ruling on the status of the transcripts and admitting them into evidence.

Lastly, Vasquez contends that he obtained ineffective assistance of counsel. It is not the function of this Court to make findings of fact. Ineffective assistance of counsel arguments are ordinarily not ap-

propriate for direct review and should be brought by collateral attack on the conviction pursuant to 28 U.S.C. § 2255. *United States v. Reyes-Platero,* 224 F.3d 1112, 1116 (9th Cir.2000); *United States v. Houtchens,* 926 F.2d 824, 828 (9th Cir. 1991); *United States v. Johnson,* 820 F.2d 1065, 1074 (9th Cir.1987). "The rationale for this rule is that such a claim cannot be advanced without the development of facts outside the original record." *Houtchens,* 926 F.2d at 828. Because trial court proceedings are usually necessary to "develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted," *United States v. Molina,* 934 F.2d 1440, 1446 (9th Cir.1991), direct review is not appropriate here. The district court is therefore affirmed.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.