UNITED STATES of America,
Plaintiff—Appellee,

v.

Jeremy Allen STANDOW, Defendant—Appellant.

United States of America,
Plaintiff—Appellant,

v.

Jeremy Allen Standow, Defendant—Appellee.

No. 01–30275, 01–30297.
D.C. No. CR 00–0107 RHW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 7, 2003.

Decided Sept. 3, 2003.

Earl Allan Hicks, Russell E. Smoot, Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Paul H. Beattie, Law Offices of Paul H. Beattie, Yakima, WA, Timothy A. Liesenfelder, Spokane, WA, for Defendant–Appellant.

Before REAVLEY,* TASHIMA, and PAEZ, Circuit Judges.

### MEMORANDUM**

Defendant Jeremy Allen Standow ("Standow") appeals his conviction for conspiracy to possess with intent to distribute, importation of a controlled substance, and possession with intent to distribute cocaine. He contends that the drug charges violate the terms of an earlier plea agreement barring the "filing [of] any additional charges arising from the obtaining or passing of counterfeit currency." Standow also contends that the district court erred in admitting a confession he asserts was involuntary, and in making its own factual determination that Standow was guilty of conspiracy to possess less cocaine than the jury had determined on the verdict form.

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.[1]

## I. Breach of the Plea Agreement

Standow first contends that his conviction on the drug counts contravenes the terms of an earlier plea agreement.[2] He reasons that because his importation of cocaine stems from his June 7, 1999, trip to Colombia, in which he first learned about the counterfeit money, the counterfeiting charges "include" the drug charges for purposes of interpreting the plea agreement. We disagree.

■ Paragraph 18 of the plea agreement assured Standow that the government would "refrain from filing any additional charges involving, or arising from, his involvement in the obtaining or passing of counterfeit currency." Standow argues that because the phrase "arising from" is forward looking, the government promised immunity for any and all crimes relating to Standow's counterfeiting activities. Where, as here, the terms of the plea agreement are clear and unambiguous, the court need not examine extrinsic evidence to interpret the meaning of the agreement. *United States v. Ajugwo*, 82 F.3d 925, 928 (9th Cir.1996). Other than that Standow discovered his counterfeiting connections while importing drugs, the drug charges have nothing in common with "the obtaining or passing of counterfeit currency." Consequently, whereas the agreement protects Standow from subsequent prosecution for additional counterfeiting offenses and the like, it does not shield Standow from unrelated charges for drug possession and drug distribution.

## II. Involuntary Confession

■ Unless Standow establishes that his confession resulted from physical or psychological coercion, the court need not reach Standow's contention that his alleged lack of education (ninth grade), low intelligence, and young age (22 year-old "young man") rendered his confessions involuntary. *See Derrick v. Peterson*, 924 F.2d 813, 818 (9th Cir.1990) (holding that defendant's age and mental capacity were relevant only if the court concludes that police conduct was coercive). The one factor arguing in favor of a finding of involuntariness is that the Secret Service kept Standow in a small interrogation room for almost 36 hours. Standow's testimony also indicates that he confessed in the early morning hours. Such tactics may lead to a conclusion of psychological intimidation or coercion. However, Standow voluntarily waived his *Miranda* rights prior to both interrogations and he did not request an attorney either time. More importantly, other than leaving Standow in the interrogation room for long hours, nothing indicates that the Secret Service physically or psychologically coerced him, as required by *Colorado v. Connelly*, 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986).

## III. Evidentiary Rulings

■ Standow argues that the district court abused its discretion in admitting

---

1. Standow also seeks a new trial based on ineffective assistance of counsel. Because the record is not sufficiently developed, we decline to address this claim, which is better reserved for development and resolution on habeas review. *See United States v. Houtchens*, 926 F.2d 824, 828 (9th Cir.1991) ("The rationale for this rule is that such a claim cannot be advanced without the development of facts outside the original record."); *United States v. Pope*, 841 F.2d 954, 958 (9th Cir. 1988).

2. Because the parties are familiar with the facts, we discuss them only as necessary.

evidence of his prior counterfeiting conviction. Standow contends that, while the district court interpreted the phrase "arising from" in the plea agreement as excluding additional drug charges, the court denied his motion to exclude evidence of his counterfeit activities under Federal Rule of Evidence 404(b). Standow's argument that the government cannot "have it both ways" misconstrues the difference between interpreting the plea agreement using contract principles and evidentiary rulings based on the Federal Rules of Evidence.

Evidence is admissible under Rule 404(b) if it is "necessary to ... permit the prosecutor to offer a coherent and comprehensible story regarding the commission of a crime." *United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1012 (9th Cir.1995). Standow conflates paragraph 18's standard that additional charges must "arise from" the previous counterfeiting offense with Rule 404(b)'s standard that "other act" evidence must serve a non-propensity purpose. Because these two standards serve distinct interests, Standow's contention that the counterfeiting evidence cannot be admitted under Rule 404(b) simply because similar evidence is barred from the ambit of paragraph 18 for purposes of interpreting the plea agreement misses the mark. We conclude that the district court did not abuse its discretion in not excluding the evidence as unduly prejudicial.

### IV. *Kastigar* Hearing

■ Standow urges us to remand for the district court to determine whether the government relied on immunized statements in developing its case. *See Kastigar v. United States*, 406 U.S. 441, 463, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). In *Murphy v. Waterfront Commission of New York*, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964), *overruled in part on other grounds* by *United States v. Balsys*, 524 U.S. 666, 688, 118 S.Ct. 2218, 141 L.Ed.2d 575 (1998), the Supreme Court held that

> Once a defendant demonstrates that he has testified, under a state grant of immunity, to matters related to the federal prosecution, the federal authorities have the burden of showing that their evidence is not tainted by establishing that they had an independent, legitimate source for the disputed evidence.

*Id.* at 79 n. 18. Because the plea agreement did not grant Standow use immunity, but rather contained only a promise not to prosecute, Standow fails to satisfy his initial burden that he testified under a "grant of immunity." *United States v. Danielson*, 325 F.3d 1054, 1071 (9th Cir.2003). Thus, we need not remand for a *Kastigar* hearing.

### V. Sentencing Error

■ Lastly, Standow contends that the district court erred in making its own factual determination that he was guilty of conspiracy to possess with intent to distribute "at least 2 kilograms but less than 3.5 kilograms of cocaine." We need not fully explore this question, however, because the sentence actually imposed did not exceed the 30–year statutory maximum. The district court sentenced Standow to 10 years for the conspiracy charge, or 20 years less than the statutory maximum under 21 U.S.C. § 841(a)(1)(C) (including the felony drug conviction, which added 10 years). Because the district court sentenced appellant to a prison term less than the statutory maximum for a drug offense involving an indeterminate quantity, any error under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), was harmless. *See United States v. Johansson*, 249 F.3d 848, 861–62 (9th Cir.2001).

## VI. Cross–Appeal

Although the government has noticed a cross-appeal, it has not filed a brief or made any arguments in support of it. We therefore deem the cross-appeal to be abandoned. *See Gulf USA Corp. v. Fed. Ins. Co.*, 259 F.3d 1049, 1056 (9th Cir. 2001); *Petrocelli v. Angelone*, 248 F.3d 877, 880 n. 1 (9th Cir.2001).

## CONCLUSION

The plea agreement does not apply to unrelated drug charges, nor does it bar otherwise admissible evidence. Any sentencing error is harmless. The judgment of conviction and the sentence are

**AFFIRMED; cross-appeal DISMISSED.**

