**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael Byron WELCH,
Defendant-Appellant.**

No. 77–3358.

United States Court of Appeals,
Ninth Circuit.

April 6, 1978.

E. Mac Amos, Jr., San Diego, Cal., for defendant-appellant.

Howard B. Matloff, Asst. U. S. Atty., on the brief, Michael H. Walsh, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before ELY, TRASK and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Michael Byron Welch appeals from a conviction for unlawfully transporting a firearm in interstate commerce and possession of a sawed-off shotgun in violation of 26 U.S.C. §§ 5861(j) and 5861(b). We affirm.

Appellant was stopped by a California Highway Patrol Officer in San Diego County, California because the vehicle he was driving did not have a front license plate. Appellant and another passenger were arrested with probable cause for auto theft, and the vehicle was towed to California Highway Patrol Zone Headquarters where a search was conducted in which a sawed-off shotgun and three saps or blackjacks were found in the trunk.

Appellant later admitted stealing the car in California and driving to Phoenix, Arizona where he obtained the shotgun and the blackjacks and then returned to California.

On January 25, 1977, a four-count complaint was filed against appellant and his codefendant by the State of California. The charges included possession of a concealed weapon (Cal.Penal Code § 12020), grand theft auto (Cal.Penal Code § 487.3), and two counts of petty theft (Cal.Penal Code § 488). On February 8, 1977, appellant was allowed to enter a misdemeanor plea to the petty theft count since he had no felony record, and all of the remaining charges were dismissed.

On February 16, 1977, the two-count indictment giving rise to this appeal was filed in federal district court. Appellant filed a motion to dismiss, and at the hearing on the motion he testified that he understood that when he entered his plea in the state case all of the remaining charges would be dropped and no further charges would be filed. He was never advised of any federal charges before the indictment was issued. He testified that he understood the state charges to be for grand theft auto and possession of a sawed-off shotgun. The deputy district attorney in the California state case testified that the charge concerning possession of an illegal weapon dealt with the blackjacks rather than the shotgun. The motion to dismiss was denied, and appellant was convicted in a trial without a jury on stipulated facts.

Appellant claims the federal indictment should have been dismissed since its issuance violated an internal policy of the Department of Justice which states that after a State prosecution there should be no Federal trial for the same act or acts unless there are compelling Federal interests involved, in which case prior authorization should be obtained from the appropriate Assistant Attorney General having jurisdiction over the subject matter of the case. United States Attorney Bulletin, vol. 26, No. 6, at 234.

This very issue was recently considered and resolved by this court in *United States v. Chavez,* 566 F.2d 81 (9th Cir. 1977). There we held that under the doctrine of separation of powers, a federal court has no authority to determine whether a federal prosecution substantially duplicating a prior state indictment (later dismissed) violates this policy of the Attorney General. With regard to that holding we stated: "It might be otherwise if the Attorney General's policy were something more than in-house rules, and had reached the stage of publication in the Code of Federal Regulations or some equivalent publication." *Id.* at 81.

We will not interfere with the Attorney General's prosecutorial discretion unless it is abused to such an extent as to be arbitrary and capricious and violative of due process. *See, e. g., Weisberg v. U. S. Dept. of Justice,* 160 U.S.App.D.C. 71, 489 F.2d 1195, *cert. denied,* 416 U.S. 993, 94 S.Ct. 2405, 40 L.Ed.2d 772 (1973); *United States v. Bob Lawrence Realty, Inc.,* 474 F.2d 115 (5th Cir.), *cert. denied,* 414 U.S. 826, 94 S.Ct. 131, 38 L.Ed.2d 59, *rehearing denied,* 414 U.S. 1087, 94 S.Ct. 610, 38 L.Ed.2d 494 (1973); *Smith v. United States,* 375 F.2d 243 (5th Cir.), *cert. denied,* 389 U.S. 841, 88 S.Ct. 76, 19 L.Ed.2d 106 (1967). Unless a breach of the Attorney General's in-house rules rises to this level, we have no authority to enforce them.

We therefore need proceed no further to unearth what the Attorney General's policy might be.

The judgment of the district court is AFFIRMED.