A.P. LUTALI and PAOPAOAILUA M. MULITAUOPELE, petitioners,
v.
JOSEPH MOESEISEI PEREIRA, Respondent,
ALEKI SENE, Respondent,
ACE TAGO, Respondent.

High Court of American Samoa
Trial Division

CR Nos. 44–81, 45–81, and 46–81

September 25, 1981

MURPHY, Associate Justice.

Petitioners A.P. Lutali and Paopaoailua M. Mulitauopele, through their counsel have petitioned this court to issue a criminal information under Rule 15 of the Rules of Practice of the High Court of American Samoa to be brought against the defendants. The question of law before this court can be stated as follows: Can the Chief Justice of the High Court of American Samoa issue a rule under statutory authority that permits a private citizen to institute a prosecution if the Attorney General will not prosecute the case? This court has determined that Rule 15 is invalid and for the reasons given below, we grant the defendants' motion to dismiss.

## STATEMENT OF THE CASE
    On April 30, 1981 A.P. Lutali and Paopaoailua M. Mulitauopele brought a petition under High Court Rule 15 to issue a criminal information against Joseph M. Pereira, Aleki Sene and Ace Tago. This petition alleged that on October 30, 1980 these defendnats, in violation of Title 3, section 1511 of the American Samoa Code (1973 Edition) did use their public office to influence the election of a political candidate. Lutali then sought an investigation and ensuing information from the Attorney General. The Attorney General refused to file an information against defendants.
    Under authority of the provisions of High Court Rule 15, A.P. Lutali and Paopaoailua M. Mulitauopele have petitioned this court to issue a criminal information, as the Attorney General has specifically refused to prosecute the case.

## CONSTITUTIONAL GUARANTEES TO TERRITORIAL GOVERNMENTS
* * *
In an unincorporated territory there is a rebuttable presumption

favoring the appliation of the constitution which may be overcome by proof that the application of a specific provision in that territory would be impractical or anomalous. It is established that where the right is crucial to the individual, the territory has a heavy burden to justify non-application. Constitutional protections may not be defeated by mere inconvenience or expediency. See Laughlin, The Application of the Constitution in United States Territories: American Samoa, A Case Study, 2 U. Haw. L. Rev. 313 (1980). The Appellate Division of the High Court of American Samoa, in Craddick vs. Territorial Registrar, AP No. 010-79 (1980), stated: "(T)he constitutional guarantees of due process and equal protection are fundamental rights which do apply in the Territory of American Samoa."

## THE CONSTITUTIONAL GUARANTEE OF SEPARATION OF POWER
* * *

One of the aspects of the United States Constitution that the framers of the Samoan Constitution incorporated was that of separation of powers. Rev. Const. of Am. Samoa, art. II, art. III, art. IV. The importance of the tripartite structure is well established in cases arising in the United States. See, e.g., Rescue Army v. Municipal Court of Los Angeles, 331 U.S. 549 (1947); Laisne v. Cal State Board of Optometry, 19 Cal 2d 831, 123 P.2d 457 (1942). The American Samoan people incorporated this framework into their constitution and underscored its importance, since the U.S. Constitution does not impose the doctrine of separation of powers upon the states. Mayor of Philadelphia v. Educational Equality League, 415 U.S. 605 (1974).

* * *

In performing judicial functions, the courts must be careful to keep within the constitutional limits of their own powers and to proceed by due process of law. Dillman vs. Tedder, 123 Fla. 188, 166 So. 590 ( ). The guarantee of a judiciary separate from the executive branch is necessary and appropriate.

The Constitutioon specifies a separate judiciary. Revised Constitution of American Samoa, articles II, III, and IV. In maintaining its separate identity, the judiciary should cautiously abstain from an invasion or usurpation of the powers which are properly exercisable by any other departments of the government. State ex rel. Davis vs. Stuart, 97 Fla. 69, 120 So. 335 (1939).

## AUTHORITY AND DISCRETION TO PROSECUTE LIES WITH THE EXECUTIVE BRANCH

The Revised Constitution of American Samoa is modelled after the federal constitution. By article 30 of the Declaration of Rights of the Constitution, the government is divided into three departments and it is provided that "the legislative department shall never exercise the executive and judicial powers, or either of them: The executive shall never exercise the legislative and judicial powers, or either of them: the judiciary shall never exercise the legislative and executive powers, or either of them..." (emphasis added).

* * *

The prosecutorial duties in this territory have been vested in the office of the Attorny General. "All criminal prosecution shall be brought in the name of the Government of American Samoa. The Attorney General shall prosecute all criminal cases before the High Court." Section 46.1220, ASC (1963). Although there is no law in this territory on this specific issue we are persuaded by the rationale of the court in Kansas v. Galen Finch, 128 Kan 665, 280 P. 910, 911 (1929), which stated: "[A]s a rule, the attorney

general has power both under the common law and by statute to make any disposition of the state's litigation that he deems for its best interests, for instance, he may abandon, discontinue, dismiss, or compromise it." In U.S. vs. Cox, 342 F.2d 167, the Fifth Circuit stated that "the Attorney for the United States is an executive officer of the executive department that exercises discretion as to whether or not there shall be a prosecution in a particular case."

In a more recent case, the Second Circuit stated guidelines for the federal and state courts which can serve as a model for our territorial court. Quoting Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375 (1973): "Substitution of a court's decision to compel prosecution for the United States Attorney's decision not to prosecute, even on an abuse of discretion standard even if limited to directing that prosecution be undertaken in good faith, would be unwise." Id. at 380-81. "Federal Courts have traditionally and, to our knowledge, uniformly refrained from overturning, at the instance of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made." Id. at 379. Judicial regulation of prosecutorial discretion "would place the reviewing court in an undesirable and injudicious posture of becoming superprosecutors." Ibid.

## REVIEWABILITY OF PROSECUTORIAL DISCRETION
### * * *

In almost every jurisdiction, there have been numerous attempts to employ a writ of mandamus issued by the judiciary to compel an executive to act. This remedy has obvious problems inherent in it, due to the separation of powers doctrine. The courts are always reluctant to award or sustain a writ of mandamus against an executive officer. Lane v. Hoglund, 244 U.S. 174 (1917). All courts agree that the separation of powers doctrine was to insure a system of checks and balances. Therefore in order to keep the checks balanced, the state courts, at any rate, have universally recognized that mandamus will not lie if the act of a state executive officer, the performance of which is sought to be enforced, is not ministerial merely, but involves the exercise of judgment and discretion. See Bryant & Chapman, Co. v. Lowell, 129 Conn. 321, 27 A.2d 637, 639 (1942); State ex rel. Burnquist v. District Ct., 141 Minn. 1, 168 NW 634 (1918); Blalock v. Johnson, 180 SC 40, 185 SE 51 (1936).

It is clear to this court that a writ of mandamus is not readily available to a petitioner who seeks to compel an executive officer to act in a capacity that involves discretion. * * * We agree with the Ninth Circuit Court of Appeals, which stated: "(W)e will not interfere with the Attorney General's prosecutorial discretion unless it is abused to such an extent as to be arbitrary and capricious and violative of due process. United States v. Welch, 572 F.2d 1359, 1360 (1978).

## HIGH COURT RULE 15

This court acknowledges the authority from which High Court Rule 15 was promulgated. Section 3.0202 ASCA (1981). However, Section 3.1002 which delineates the powers and duties of the judiciary, states: "(c) Chief Justice shall have administrative supervision over all the courts of American Samoa and their Judges, Magistrates, Clients and other officers. He may make rules regulating the pleadings, practice, procedure and all conduct of business in the appellate, trial, probate, land and titles division of the High Court and District Court."

We recognize that the High Court must, in an administrative

60

capacity, issue rules to effect a procedurally efficient court. However, these rules cannot usurp or "exercise powers exclusively delegated to another" department.  State ex rel Bryant v. Akron Metropolitan Park Dist., 120 Ohio 464,  166 NE 407,  410 (1929), affd. 281 U.S. 74 (1930).  The Fono has charged the Attorney General with the authority to exercise his prosecutorial discretion.  This discretion lies solely within the executive branch.  "Matters of policy effecting the prosecution of a criminal case are not within the province of the courts but are for the determination of the district attorney".  Re-Application of Berman, 105 Cal. App. 270, 287 P 373, 375 (1930).  This court cannot by rule authorize a person, unfettered by the due process limitations on the government, to issue a petition accusing another and subjecting the accused to the criminal processes of the court. See, e.g., Bolln vs. Nebraska, 176 U.S. 83 (1900); Jordan vs. Massachusetts, 225 U.S. 167, (1912), Crowley vs. United States, 194 U.S. 461, (1904);
\* \*. \*

As additional support for this decision, we notte that there is a conflict between High Court Rule 15 and Section 46.1002 A.S.C.A. (1981). High Court Rule 3 states that in case of conflict, resolution of such a conflict shall be in the following order:
> 1. Revised Code of American Samoa
> 2. Rules of High Court of American Samoa
> 3. Federal Rules of Civil and Criminal Procedure.

A conflict between High Court Rule 15 and Section 46.1002 is apprent to this Court.  Under High Court Rule 3, Section 46.1002 has precedence.  This Court confirms the prosecutorial authority of the Attorney General.

IT IS ORDERED that the defendants' motions for dismissal are hereby granted.