**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**George Raymond WRIGHT,**
**Defendant-Appellant.**

No. 82–1509.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 3, 1983.

Decided May 25, 1983.

Eric L. Dobberteen, Asst. U.S. Atty., Los Angeles, Cal., for defendant-appellant.

Anthony P. Brooklier, Marks & Brooklier, Beverly Hills, Cal., for plaintiff-appellee.

Before CHAMBERS, KENNEDY, and HUG, Circuit Judges.

PER CURIAM:

On an earlier appeal, we reversed appellant's conviction and remanded the case. *United States v. Wright,* 667 F.2d 793 (9th Cir.1982). The Government elected to retry the case. Before the second trial, Wright filed a suppression motion seeking a second suppression hearing with respect to various seized items and the fruits of the seizure. The district court denied the motion for an evidentiary hearing, and the items in ques-

---

tion were admitted in evidence. Wright was convicted and now argues the district court erred in not holding a second suppression hearing. Rejecting that contention, we affirm.

■ The legality of the seizure of the items in question could have been put in issue in appellant's first appeal to this court, but it was not. On the first appeal, we specifically addressed the seizure of a black ledger book, and we reversed Wright's conviction for its improper admission. Our rationale was that the plain view exception did not permit detailed examination of this ledger type record. There was no contention on the first appeal, or on rehearing after we issued our opinion, that the documents seized by the Government in addition to the ledger book were improperly admitted, though the entire search was the subject of a suppression hearing prior to the first trial, and though the district court in the first trial had held that the search was lawful. When a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter. *See Alioto v. Cowles Communications, Inc.,* 623 F.2d 616, 618 (9th Cir.1980), *cert. denied,* 449 U.S. 1102, 101 S.Ct. 897, 66 L.Ed.2d 827 (1981). Accordingly, the district court was not required to order a second suppression hearing. It could rely instead on its earlier ruling of admissibility. There was nothing in that ruling inconsistent with our holding on the first appeal.

The conviction is AFFIRMED.