953 F.2d 688
 293 U.S.App.D.C. 292
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Sharpe PITTS, Jr., Appellant.
 No. 91-3100.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 5, 1992.
 
 Before MIKVA, Chief Judge, and KAREN LECRAFT HENDERSON and RANDOLPH, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Appellant Sharpe Pitts, Jr. initially complains that the district court erred in refusing to grant his motion to suppress. Pitts waived his right to present his fourth amendment claim in this appeal by failing to have raised this argument in his first appeal. See United States v. Fiallo-Jacome, 874 F.2d 1479, 1481 (11th Cir.1989); United States v. Wright, 716 F.2d 549, 550 (9th Cir.1983). In any event, the district court properly concluded that the police officer could conduct a warrantless search of the blue tote bag because it was abandoned property. See United States v. Lewis, 921 F.2d 1294, 1304 (D.C.Cir.1990).
 
 
 5
 Pitts also contends that there was insufficient evidence to convict him of possession with intent to distribute the drugs. As this court has repeatedly held, a conviction will be reversed for insufficient evidence only if " 'there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt.' " United States v. Joseph, 892 F.2d 118, 125 (D.C.Cir.1989) (quoting United States v. Davis, 562 F.2d 681, 683 (D.C.Cir.1977)). The court views the evidence in the light most favorable to the government, " 'giving full play to the right of the jury to determine credibility, weigh the evidence and draw justifiable inferences of fact.' " United States v. Treadwell, 760 F.2d 327, 333 (D.C.Cir.1985) (citation omitted). The government's "evidence 'need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt.' " United States v. Maxwell, 920 F.2d 1028, 1035 (D.C.Cir.1990) (citation omitted).
 
 
 6
 There was sufficient evidence for the jury to conclude that Pitts possessed the drugs with intent to distribute, either individually or jointly with Polk. The presence of the jacket in the tote bag is sufficient evidence for the jury to conclude that Pitts possessed the bag and its contents.
 
 
 7
 Alternatively, there was also sufficient evidence for the jury to conclude that Pitts constructively possessed the drugs even if the jury determined that he was not the owner of the tote bag in which they were found. This court has held that an individual constructively possesses drugs if there is "some action, some word, or some conduct that links the individual to the narcotics and indicates that he had some stake in them, or some power over them." United States v. Pardo, 636 F.2d 535, 551 (D.C.Cir.1980). In Joseph, 892 F.2d at 125, this court concluded that there was sufficient evidence to prove that the defendant constructively possessed a gun and drugs carried by his travelling companion. Because the bag in which these items were found contained some of Joseph's personal items, the court held that a jury "might reasonably conclude not only that 'he was knowingly in a position, or had the right to exercise dominion and control' over the bag and its incriminating contents ... but that he was in fact exercising such dominion and control." Id. (citation omitted). The presence of Pitts' jacket in the tote bag provided the jury with a sufficient basis for concluding that Pitts constructively possessed the drugs. Accordingly, appellant's conviction is affirmed.