959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Jerome LEVINSON, Defendant-Appellant.
 No. 90-50325.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided April 7, 1992.
 
 Before JAMES R. BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Jerome Levinson appeals pro se from his conviction and sentence for mailing obscene materials in violation of 18 U.S.C. § 1461. Levinson was resentenced following this court's judgment vacating his original sentence. On appeal from the new sentence, he raises various challenges to his conviction and original sentence, and one challenge to his sentence following remand. We have jurisdiction under 28 U.S.C. § 1291 and we affirm in part and dismiss in part.
 
 
 3
 Levinson was originally sentenced on October 12, 1988, to eight years incarceration, five years probation, and a fine of $150,000. Following an appeal of his petition under 28 U.S.C. § 2255, we vacated his sentence and remanded to the district court for resentencing pursuant to the Sentencing Reform Act of 1984. Levinson was resentenced on May 29, 1990 to 18 months incarceration and a $20,000 fine.[1] On appeal from this new sentence, he raises several claims.
 
 I. Attacks on Conviction
 
 4
 First, Levinson contends that his conviction is invalid because (1) the statute under which he was prosecuted is unconstitutional; (2) the United States violated its own internal policies by prosecuting him; and (3) he was tried in absentia. He has never raised these claims in the district court, nor did he raise them in his previous appeal to this court. "When a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter." United States v. Wright, 716 F.2d 549, 550 (9th Cir.1983) (per curiam). In this case, however, Levinson waived his right to direct appeal pursuant to a sentencing agreement which was later repudiated by the government. United States v. Levinson, No. 89-50139, unpublished memorandum disposition at 3 (9th Cir. Apr. 9, 1990). Because he did not get the benefit of his bargain with the government, see id., we will now consider his challenges to his conviction.
 
 A. Constitutionality of Statute
 
 5
 First, Levinson contends that the statute under which he was convicted, 18 U.S.C. § 1461, is overbroad and vague. "[T]he type of conduct covered by [18 U.S.C. § 1461] can be ascertained with sufficient ease to avoid due process pitfalls," and is not unconstitutionally vague. Smith v. United States, 431 U.S. 291, 309 (1977). The statute has repeatedly withstood attacks on its constitutionality, and Levinson raises no new challenge. See id.; see also Hamling v. United States, 418 U.S. 87, 116-18 (1974); United States v. Reidel 402 U.S. 351, 356 (1971); United States v. Miller, 505 F.2d 1247, 1247 (9th Cir.1974), cert. denied, 422 U.S. 1024 (1975).
 
 B. Federal Prosecution
 
 6
 Levinson also contends that the government violated its own internal policy by initiating a federal prosecution based on conduct for which he had previously been charged in state court. Even if true, however, this is not a justiciable issue and we lack authority to review the government's prosecutorial discretion unless it is abused in violation of due process. See United States v. Welch, 572 F.2d 1359, 1360 (9th Cir.), cert. denied, 439 U.S. 842 (1978); see also United States v. Smith, 595 F.2d 1176, 1181 (9th Cir.1979).
 
 C. Trial in Absentia
 
 7
 Finally, Levinson contends that the district court violated his rights by trying him in absentia after he failed to appear at a scheduled hearing.
 
 
 8
 "Although the sixth amendment guarantees a defendant the right to be present at trial, this right can be waived." United States v. Houtchens, 926 F.2d 824, 826 (9th Cir.1991). "[A] defendant may be tried in absentia when, after sufficient notice, he or she knowingly and voluntarily fails to appear for trial." Id. at 826-27. We review the district court's discretionary decision to proceed with trial, but only to the extent of reviewing for clear error the factual finding that the defendant knowingly and voluntarily waived his right to be present. Id. at 827.
 
 
 9
 Here, Levinson failed to appear at a scheduled change of plea hearing after his counsel informed him that the district court was unlikely to accept the plea agreement he had reached with the government. The district court heard statements from defense counsel that Levinson had been informed of his court date and the necessity of his appearance on the morning before he failed to appear. The district court's finding that Levinson was voluntarily absent is not clearly erroneous, and it did not abuse its discretion by proceeding to try him in absentia. See Houtchens, 926 F.2d at 827-88.
 
 II. Attacks on Prior Sentence
 
 10
 Levinson also alleges that his original sentence was invalid because his pre-sentence agreement was illegal in part, was violated by the government, and was not binding on the district court. As we have already vacated his original sentence and he has been resentenced under the United States Sentencing Guidelines without reference to the pre-sentence agreement, these claims are moot.
 
 III. Attack on New Sentence
 
 11
 Finally, Levinson alleges in his reply brief that he faced an illegal extension of his 18-month term of incarceration because his release was made contingent upon his payment of the $20,000 fine. The May 29, 1990 judgment and commitment order reads in relevant part as follows:
 
 
 12
 [T]he defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:
 
 
 13
 Eighteen (18) months on each of counts 1, 2, and 3, to be served concurrently. It is further ORDERED that the defendant pay to the United States a fine of $20,000, concurrent on each count, to be paid in full within ninety (90) days.
 
 
 14
 ....
 
 
 15
 It is further ORDERED that the defendant will remain committed until the fine herein imposed is paid in full.
 
 
 16
 (CR 104)
 
 
 17
 Levinson argues that this language could be interpreted to require that he remain in custody until the fine is paid.
 
 
 18
 Ordinarily, we will not address issues raised for the first time in the reply brief. See Sanchez v. City of Santa Ana, 915 F.2d 424, 430 (9th Cir.1990), cert. denied, 112 S.Ct. 66 (1991). Nonetheless, we note that Levinson has been released from custody even though the fine apparently has not yet been fully paid. Although the issue of the fine's effect on his term of incarceration may arise again should his supervised release be revoked, this claim is not yet ripe. See, e.g., United States v. Linares, 921 F.2d 841, 843-44 (9th Cir.1990) (appellant lacks standing to challenge hypothetically a circumstance that may never occur).
 
 
 19
 AFFIRMED IN PART AND DISMISSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government contends that Levinson's notice of appeal from the May 29, 1990 sentencing was untimely. We note, however, that the May 29 judgment was not entered until June 5, 1990. Accordingly, Levinson's June 11, 1990 notice of appeal was timely. See Fed.R.App.P. 4(b)