**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Robert Joseph MARSHALL,**
**Defendant—Appellant.**

**No. 03–10209.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 16, 2004.

Decided Jan. 10, 2005.

Eric Johnson, AUSA, Kathleen Bliss, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Michael J. Kennedy, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

\* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Before: LAY,\* HAWKINS, and BYBEE, Circuit Judges.

## MEMORANDUM \*\*

Robert Joseph Marshall appeals his conviction for conspiracy to distribute a controlled substance, distribution of a controlled substance, and aiding and abetting. 18 U.S.C. §§ 841(a)(1), 846, 8 U.S.C. § 2. The facts, contained in documents which remain under seal, are known to the parties.

■ Marshall argues that the warrant-issuing judge abused his discretion in approving certain wiretaps based on information provided in the wiretap applications and that the district judge erred in denying his motion for a *Franks* hearing. *See Franks v. Delaware*, 438 U.S. 154, 171–72, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *United States v. Ippolito*, 774 F.2d 1482, 1485 (9th Cir.1985). We review *de novo* whether an application for a wiretap order is supported by a full and complete statement of the facts in compliance with 18 U.S.C. § 2518(1)(c), and we review the issuing judge's decision on the necessity of the wiretap for an abuse of discretion. *United States v. Blackmon*, 273 F.3d 1204, 1207 (9th Cir.2001). The wiretaps were necessary given the fact that other investigative techniques had revealed only a portion of Richard Veluz's alleged criminal activities. The affidavits did not deliberately omit material facts. The district court did not abuse its discretion in granting the wiretap application and the subsequent application extensions. *See United States v. Staves*, 383 F.3d 977, 982–83 (9th Cir.2004). Because the applications did not intentionally or recklessly omit facts

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and did not include false statements material to the necessity of the wiretap application, the district court properly denied a *Franks* hearing. *Id.*

■ Marshall argues that the district court erred by admitting certain taped statements from the wiretaps. We review *de novo* the district court's interpretation of the hearsay rule, *see United States v. Orellana–Blanco,* 294 F.3d 1143, 1148 (9th Cir.2002), and, for abuse of discretion the district court's decision to admit evidence under an exception to the hearsay rule. *United States v. Johnson,* 297 F.3d 845, 862–63 (9th Cir.2002). The government sought admission of Veluz's taped conversations with Marshall for "context only," and not as coconspirator statements for the truth of the matter asserted. Because these statements were not admitted as coconspirator statements under FED.R.EVID. 801(d)(2)(E), the district court did not have to find the existence of a conspiracy before admitting the tapes only for context. *See United States v. Whitman,* 771 F.2d 1348, 1352 (9th Cir.1985) (admitting statements by government informant under the hearsay exception because they were not being offered for the truth of the matter asserted). The district court gave numerous limiting instructions to the jury not to consider the tapes for anything other than context. In this it did not err. *See Greer v. Miller,* 483 U.S. 756, 766 n. 8, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987); *Francis v. Franklin,* 471 U.S. 307, 324 n. 9, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985).

■ Marshall claims that even if the tapes were properly admitted, their admission violated his Sixth Amendment right to confront the witnesses against him. *See Crawford v. Washington,* 541 U.S. 36, 124

S.Ct. 1354, 158 L.Ed.2d 177 (2004). We review alleged violations of the Confrontation Clause *de novo, see United States v. Aguilar,* 295 F.3d 1018, 1020 (9th Cir. 2002), and subject Confrontation Clause violations to harmless error analysis. *See Orellano–Blanco,* 294 F.3d at 1148. We need not address the merits of Marshall's Sixth Amendment claim because the evidence of his guilt was overwhelming, and any error here was harmless. *See United States v. Bowman,* 215 F.3d 951, 961–62 (9th Cir.2000) (affirming conviction challenged under Confrontation Clause claim because the weight of evidence rendered the error of admitting certain statements harmless).[1]

Finally, Marshall argues that the district court infringed his Sixth Amendment rights by denying his motion to cross-examine two Federal Bureau of Investigation ("FBI") agents regarding their motives for investigating Marshall. There was no evidence presented to show that either agent's testimony would be relevant to Marshall's entrapment defense. *See United States v. Manarite,* 44 F.3d 1407, 1417–18 (9th Cir.1995); *United States v. Becerra,* 992 F.2d 960, 963 (9th Cir.1993).

**AFFIRMED.**

---

1. We note that much of Marshall's basis for appeal would not exist if the government had simply called Veluz to testify, given that he was available and obviously an important witness.