**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Robert Joseph MARSHALL,
Defendant—Appellant.**

No. 06–10371.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2007.*

Submission Vacated and Deferred
June 12, 2007.

Resubmitted Aug. 16, 2007.

Kimberly M. Frayn, Esq., USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Michael J. Kennedy, Esq., FPDNV–Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: HAWKINS, TASHIMA, and BEA, Circuit Judges.

MEMORANDUM **

On a prior appeal, we ordered a limited remand pursuant to *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc). The district court declined to alter Marshall's sentence and also declined to conduct an in-person, live sentencing hearing. Marshall appeals, challenging the de-

nial of a live resentencing hearing, the application of the career offender enhancement, and the reasonableness of the reimposed sentence. We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291. Concluding that Marshall's allocution rights were not violated, that he waived his challenge to the application of the enhancement, and that Marshall's sentence survives the limited reasonableness review that applies under these circumstances, we affirm.

With respect to the first issue, we faced the question of "whether a defendant has a right to allocute during a limited remand to the district court from a sentencing appeal" in *United States v. Silva,* 472 F.3d 683, 684 (9th Cir.2007), and concluded that the answer was no. *Id.* at 687–88. Because the circumstances here of the district court's decision not to hold a live resentencing hearing were identical to those in *Silva,* we reject Marshall's challenge.

With respect to the second issue, Marshall has waived his challenge to the Guidelines calculation because he failed to raise it in his prior appeal. *United States v. Nagra,* 147 F.3d 875, 882 (9th Cir.1998); *United States v. Wright,* 716 F.2d 549, 550 (9th Cir.1983); *see United States v. Marshall,* 120 Fed.Appx. 680 (9th Cir.2005).

With respect to the third issue, Marshall's challenge to the reasonableness of his sentence is governed by *United States v. Combs,* 470 F.3d 1294 (9th Cir.2006). It is clear from the record that the district court "properly understood the full scope of his discretion in a post-*Booker* world," *id.* at 1297, and this is all that reasonableness review of a decision not to resentence under *Ameline* requires. *Id.*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

For the foregoing reasons, Marshall's sentence is

**AFFIRMED.**