**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MALA TRAVON SHORTY,

Defendant-Appellant.

No. 14-10390

D.C. No. 3:10-cr-08100-GMS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted November 18, 2015[**]
San Francisco, California

Before: McKEOWN, RAWLINSON, and PARKER,[***] Circuit Judges.

Defendant-Appellant Mala Shorty ("Shorty") appeals from a judgment of

conviction, following a bench trial, on two counts of aiding and abetting a False

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.

[***] The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Statement Concerning Information That Must Be Kept By Firearms Dealer and three counts of Felon in Possession of a Firearm and/or Ammunition, two counts of False Statement in Connection with Acquisition of a Firearm, and an order of forfeiture of illegally owned firearms. *See* 18 U.S.C. §§ 922(a)(6), 922(g)(1), 924(a)(1)(A), 924(a)(2).

Shorty argues that the application for the warrant to search his home was legally insufficient because it failed to establish probable cause to search and because it contained materially false or misleading statements and omissions. We choose not to consider this argument because on a prior appeal to this Court, Shorty did not challenge the search warrant. "When a party could have raised an issue, in a prior appeal but did not, a court later hearing the same case need not consider the matter." *United States v. Wright*, 716 F.2d 549, 550 (9th Cir. 1983).

Shorty argues that even if the search warrant was not challenged in the first appeal, the Supreme Court has held that we may nonetheless consider the issue if it is both "antecedent to . . . and ultimately dispositive of" the dispute before us. *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 447 (1993) (alteration in original) (internal quotation marks omitted) (quoting *Arcadia v. Ohio Power Co.*, 498 U.S. 73, 77 (1990)). *Bank of Oregon* does not change the outcome. The issue there was merely whether a party on appeal could argue a new

2

theory regarding a statute whose application the party had disputed all along. *See id.* at 446. The case does not hold that a previously waived argument can be raised on a subsequent appeal merely because its resolution would dispose of the appeal before it.

Shorty argues that it was improper for the same judge to hear his case both before and after this Court first reversed and remanded. Where, as here, the issue is first raised on appeal, this Court reviews a district court judge's failure to recuse himself for plain error. *United States v. Spangle*, 626 F.3d 488, 495 (9th Cir. 2010).

A district judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Similarly, due process will be offended where a judge's interest in a case "poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). We see no merit to Shorty's argument, and certainly no plain error. He twice chose to waive a jury and to have his case tried to the Court. He did so the second time despite knowing, and being warned, that the same judge who had previously found him guilty on the same facts would preside at the second trial.

Shorty raises two arguments regarding sufficiency of the evidence. First, he

3

argues that there was no evidence proving that he had a prior domestic conviction punishable by a term of imprisonment exceeding one year, as required for a conviction under 18 U.S.C. § 922(g)(1). The parties stipulated, prior to trial, that "the defendant was convicted of a crime punishable by a term of imprisonment exceeding one year." Shorty points out that § 922(g)(1) only applies to *domestic* convictions, *Small v. United States*, 544 U.S. 385, 390–91 (2005), and that the stipulation makes no such designation. But the stipulation precisely tracks the language of § 922(g)(1), and we have held that a similar stipulation was sufficient to sustain a conviction under § 922(g)(1). *United States v. Hernandez*, 27 F.3d 1403, 1407–08 (9th Cir. 1994).

Shorty also argues that the Supreme Court's decision in *Rosemond v. United States*, 134 S. Ct. 1240 (2014), compels us to reconsider our decision in the first appeal that there was sufficient evidence upon which to convict him for aiding and abetting false statements made in connection with the purchase of a firearm. *Rosemond* merely held that it was error to fail to instruct the jury that a defendant charged with aiding and abetting a drug trafficking crime involving a firearm may only be convicted if the jury found he knew prior to the inception of the crime that his cohort was carrying a firearm. *Id.* at 1251–52. By contrast, the issue raised in Shorty's first appeal, and again here, is whether he possessed, at any time, the

4

requisite specific intent to aid and abet his cohort's crime. We found in Shorty's first appeal that he did, and consequently *Rosemond* is not relevant. We, therefore, see no basis to reconsider our holding that the evidence before the lower court was sufficient to convict Shorty for aiding and abetting a false statement.

**AFFIRMED.**