Filed 6/28/21  P. v. McCurry CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SCOTT ALEN MCCURRY,<br><br>Defendant and Appellant. | F080650<br><br>(Stanislaus Super. Ct. No. 4001581)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Scott T. Steffen, Judge.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Franson, Acting P.J., Meehan, J. and Snauffer, J.

## INTRODUCTION

Appellant and defendant Scott Alen McCurry has filed this appeal from the trial court's decision on remand that it would not dismiss the five-year term imposed for a prior serious felony conviction enhancement (Pen. Code, § 667, subd. (a)).[1]  On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant has filed letter briefs.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

**Conviction and sentence**

On August 25, 2017, defendant was convicted after a jury trial of two felonies: count 5, torture (§ 206), and count 6, corporal injury to a spouse/cohabitant (§ 273.5, subd. (a)).  As to both counts, it was found true that he had a prior serious felony conviction enhancement (§ 667, subd. (a)) and a prior strike conviction; a great bodily injury enhancement was found true for count 6 (§ 12022.7).  Defendant was also convicted of misdemeanor counts 1 and 4, battery (§ 242), and counts 2 and 3, assault (§ 240).

On December 11, 2017, the trial court conducted the sentencing hearing.  It granted defendant's request to dismiss the prior strike conviction pursuant to section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, and found the remaining charges would be adequate to impose an appropriate sentence based on the facts and seriousness of the case.

As to count 5, torture, the court sentenced defendant to life in prison with the possibility of parole, and stated that pursuant to section 3046, defendant must serve "a

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] Defendant has cited to this court's nonpublished opinion in his first appeal for his factual and procedural statement.  Given this reliance, we take judicial notice of the appellate record and this court's nonpublished opinion in *People v. McCurry* (May 9, 2019, F076692) as modified on denial of rehearing (May 23, 2019).

mandatory sentence of seven years." In addition, the court imposed a consecutive five-year term for the section 667, subdivision (a) prior serious felony conviction enhancement, and stated defendant's total sentence was 12 years to life.

As to count 6, the court imposed the midterm of three years, plus three years for the great bodily injury enhancement and five years for the prior serious felony conviction enhancement, with the sentence to run concurrent to count 5, and stayed the terms imposed pursuant to section 654. As to the four misdemeanor counts, the court imposed concurrent terms of 180 days.

On December 12, 2017, defendant filed a notice of appeal.

**Defendant's first appeal**

In his first appeal, defendant, represented by counsel, argued the court imposed an unauthorized sentence for count 5, torture, because it aggregated the minimum parole ineligibility period of seven years with the life sentence and characterized it as the minimum sentence. Defendant also argued the matter must be remanded because of the subsequent enactment of Senate Bill No. 1393 (2017–2018 Reg. Sess.), which gave discretion to the court to dismiss the section 667, subdivision (a) prior serious felony conviction enhancement. (*People v. McCurry*, *supra*, F076692)

In May 2019, this court filed the nonpublished opinion in defendant's appeal, and held the trial court did not commit error when it described the minimum parole ineligibility period of seven years as the minimum prison term and added the five-year term for the prior serious felony enhancement to that seven-year minimum term, for a total term of 12 years to life. (*People v. McCurry*, *supra*, F077792 at p. 4.) In an order modifying the opinion filed on May 23, 2019, we agreed the matter should be remanded, however, because section 667, subdivision (a) was amended after the sentencing hearing to give the court discretion to determine whether to dismiss the consecutive term of five years that it imposed for that enhancement. (See *People v. McCurry*, 2019 Cal.App. Unpub. LEXIS 3593, May 23, 2019.)

3.

On July 23, 2019, remittitur was issued.

**Defendant's writ petition**

On November 13, 2019, defendant filed, in pro. per., a petition for writ of habeas corpus in the trial court and challenged the validity of his convictions for torture and corporal injury based on judicial and evidentiary error, and ineffective assistance of counsel.

On December 11, 2019, the trial court denied each issue in defendant's petition in a written opinion. First, defendant argued the great bodily injury enhancement was not supported by substantial evidence. The court stated this issue could have been raised on direct appeal, and the enhancement was supported by substantial evidence that defendant forcibly inserted foreign objects into the victim's body cavities and burned her with a propane torch.

Second, defendant argued his rights pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436, were violated because an officer continued to question him after he invoked his right to counsel. The court again found he could have raised this issue on direct appeal, and his *Miranda* argument was meritless because the record showed he did not make an unequivocal request to either terminate the interview or for the assistance of an attorney.

Third, defendant argued his due process rights were violated because the prosecutor referred to the complaining witness as the "victim." The court again noted defendant could have raised this issue on direct appeal. The court also stated that it granted the defense motion in limine to exclude the use of the word "victim," there was only a single reference to the word during the multiday trial, the prosecutor used the word once then immediately corrected to using her name, and this single reference was harmless beyond a reasonable doubt.

Fourth, defendant argued the prosecution failed to give favorable evidence to the defense. The court found defendant failed to identify such evidence or any factual basis to support his petition on this ground.

In his next two arguments, defendant argued his attorney was ineffective for failing to object to the prosecutor's use of the word "victim" and for committing other unspecific errors. The court found defendant failed to state with specificity his attorney's alleged errors or how he was prejudiced by those errors. The court held that even if his attorney was ineffective, his writ claims were meritless because he failed to show prejudice.

Finally, defendant argued that each of these errors, taken together, proved his attorney was ineffective. The court again held none of defendant's assertions had merit and, even if taken together, he failed to show counsel's conduct fell below the standard set forth in *Strickland v. Washington* (1984) 466 U.S. 668.

The court denied defendant's petition and concluded he failed to set forth a prima facie showing that he was entitled to relief.

**Remand**

On December 16, 2019, the trial court held the hearing on remand as to whether to exercise its discretion to dismiss the section 667, subdivision (a) enhancement. Defense counsel asked the court to dismiss the enhancement because it dismissed the prior strike conviction at the first sentencing hearing, and defendant had demonstrated "exemplary behavior" while in custody.

The trial court acknowledged that at the original sentencing hearing, it did not have discretion to dismiss the prior serious felony conviction enhancement, and the law had since been changed. The court also acknowledged that it had exercised its discretion to dismiss the prior strike conviction "to get a reasonable balance in terms of the sentence."

The court denied defendant's request to dismiss the prior serious felony conviction enhancement, and found imposition of the five-year term "struck a reasonable balance in terms of his overall exposure and what I thought the sentence ought to be," and "adding five years as opposed to doubling his sentence was an appropriate resolution."

On January 13, 2020, defendant filed a notice of appeal from the court's denial of his motion to dismiss the enhancement.

## DISCUSSION

As noted above, defendant's counsel filed a *Wende* brief with this court on October 15, 2020. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on the same day, we invited defendant to submit additional briefing. He has sent the following correspondence to this court.

### Defendant's motions and letter briefs

On November 23, 2020, defendant requested this court to appoint another attorney to represent him in this appeal because the attorney refused to raise all issues and instead filed the *Wende* brief. On November 25, 2020, this court denied defendant's request and explained that the filing of a *Wende* brief did not, by itself, constitute grounds to remove counsel. (*Wende, supra*, 25 Cal.3d at p. 442.)

On December 14, 2020, defendant filed another request to appoint another attorney to file a new appellate brief and also a petition for writ of habeas corpus, again based on counsel's filing of the *Wende* brief. On December 18, 2020, this court denied second defendant's request for a new appellate attorney, and advised that he could file a petition for writ of habeas corpus without legal assistance and sent him a blank form.

On December 18 and 21, 2020, defendant filed letter briefs, in pro. per., in response to this court's invitation to file additional briefing. Defendant did not raise any issues about the trial court's decision on December 16, 2019, to deny his motion to dismiss his prior serious felony conviction enhancement. Instead, defendant asserted he was innocent of all charges and unjustly convicted by the jury of torture and corporal injury. Defendant argued there was insufficient evidence to support the torture conviction; the court improperly excluded photographic evidence; defense counsel failed to object to the victim's testimony; defense counsel did not present a defense and refused

6.

to let defendant testify at trial; defendant was under the influence of methamphetamine when he was interrogated prior to trial; a detective committed perjury in an affidavit to obtain a search warrant; his pretrial statements were introduced in violation of *Miranda* because he asked for an attorney; and he was under the influence of drugs and had "diminished capacity" when he gave his pretrial statement. Defendant also asserted the judge who denied his section 995 motion to dismiss was not familiar with the record, defendant should have received a polygraph test, and there were errors in the probation report.

In making these arguments, defendant asked this court to review the entirety of the record of his jury trial "from the very begining [*sic*], arrest, in custody interogation [*sic*], pre-trial, [motions in] lamine [*sic*], Marsden motions and trial transcripts" for insufficient evidence, erroneous rulings, involuntary statements, and ineffective assistance.

On December 23, 2020, this court forwarded certain of defendant's letters to appellate counsel and requested her to contact her client. On December 29, 2020, appellate counsel acknowledged receipt of these letters and stated she would contact defendant.

*Analysis*

Defendant's letter briefs of December 18 and 21, 2021, have raised issues that are solely based on the trial record and alleged errors by the court and his attorney that occurred at the preliminary hearing and his jury trial. While the filing of a *Wende* brief obligates this court to conduct a review of the entire record to determine whether there are any arguable issues that should be raised on an appellant's behalf (*Wende, supra*, 25 Cal.3d at p. 442), the issues in defendant's letter briefs are from his trial and are not properly before this court in this second appeal.

"[W]here a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay." (*People v. Senior* (1995) 33 Cal.App.4th 531, 538 (*Senior*).)

7.

"[A]ll of the factual predicates upon which defendant's present contention[s] rest[] were available at the time of defendant's initial appeal. There is no apparent justification as to why th[ese] issue[s] could not have been raised the first time defendant's case was before this court. There being no reason why defendant 'should get "two bites at the appellate apple," ' [citation], we deem defendant's claim of error to be waived." (*Ibid*.; see also *People v. Murphy* (2001) 88 Cal.App.4th 392, 396–397; *United States v. Wright* (9th Cir. 1983) 716 F.2d 549, 550 ["When a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter"].)

Next, we note that the clerk's transcript in this appeal contains a front page and proof of service reflecting that on January 21, 2020, a few days after he filed the notice of appeal in pro. per., defendant apparently refiled his petition for writ of habeas corpus, also in pro. per. To the extent that he attempted to reassert the same arguments in this appeal that he previously raised in his writ petition, we agree with the trial court's resolution of those issues and similarly find he could have raised them in his first appeal, and he also failed to show he was entitled to relief.

Finally, as relevant to the instant appeal, we review the court's decision to deny a motion to dismiss a prior serious felony conviction enhancement for an abuse of discretion. (*People v. Shaw* (2020) 56 Cal.App.5th 582, 586–587.) The court did not abuse its discretion. The court explained its earlier decision to dismiss the prior strike conviction, distinguished doubling the term from imposing the five-year enhancement, and explained that sentencing on the enhancement resulted in an appropriate sentence given the nature and circumstances of defendant's convictions.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.