**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 2 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. CARLOS DEVON LEWIS, AKA Carlos Lewis, Defendant - Appellant. | No. 24-7486 D.C. No. 2:20-cr-00045-DGC-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted December 17, 2025[**]

Before:     PAEZ, CHRISTEN, and KOH, Circuit Judges.

Carlos Devon Lewis appeals from the district court's judgment and challenges the 235-month sentence imposed on remand for resentencing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lewis contends the district court erred in imposing a 6-level enhancement to his offense level under U.S.S.G. §2B3.1(b)(2)(B). He argues that he should have instead received a 5-level enhancement because the evidence showed only that he "brandished" a firearm. *See* U.S.S.G. § 2B1.3(b)(2)(C).

As the government argues, Lewis forfeited this claim by failing to raise it in his first appeal, which resulted in a remand on two unrelated issues. *See United States v. Wright,* 716 F.2d 549, 550 (9th Cir. 1983). Even if not forfeited by the failure to raise the issue in the first appeal, Lewis did not raise this issue at his resentencing, and the district court did not plainly err by imposing the 6-level enhancement. *See United States v. Albritton*, 622 F.3d 1104, 1106-07 (9th Cir. 2010) (affirming application of the 6-level enhancement where the record showed the defendant pointed the gun at bank employees); *United States v. Charles*, 581 F.3d 927, 932 (9th Cir. 2009) (unpreserved claim regarding the guidelines calculation is reviewed for plain error).

Lewis's motion to file a supplemental pro se brief is granted. Lewis challenges his conviction on several grounds, but we previously affirmed Lewis's conviction, and his claims are without merit. Any other pending motions are denied.

**AFFIRMED.**