Quinton WILLIAMS, Defendant—
Petitioner,

v.

UNITED STATES of America,
Plaintiff—Respondent.

No. 06–16492.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2008.

Filed Feb. 28, 2008.

Quinton Williams, Henderson, NV, pro se.

Terre Haute, IN, Mario Valencia, for Defendant–Petitioner.

Daniel R. Schiess, Esq., Brian J. Quarles, Esq., USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Respondent.

Before: D.W. NELSON, KLEINFELD, and HAWKINS, Circuit Judges.

## MEMORANDUM *

Quinton Williams was charged with: (Count One) transportation of a female for prostitution in violation of 18 U.S.C. § 2421; (Count Two) transportation of a minor for prostitution in violation of 18 U.S.C. § 2423(a); (Count Three) money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i); (Count Four) sex trafficking in children in violation of 18 U.S.C. § 1591(a); and (Count Five) interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3).

At Williams's criminal trial, the government's primary evidence was the testimony of two women who purportedly worked as prostitutes for Williams. Neither woman was present at trial. One of the women had participated in a videotaped deposition that Williams did not attend, but that was played before the jury. The other woman had testified before a grand jury, and portions of that testimony were read at trial. Williams was convicted of all five charges, and this court affirmed his conviction on direct appeal. *United States v. Williams*, 116 Fed.Appx. 890 (9th Cir.2004).

Williams then filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. Williams contends that his conviction should be vacated on the grounds that he received ineffective assistance of counsel when: (1) his trial counsel failed to procure Williams's presence at the videotaped deposition of a material witness; and (2) his

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

appellate counsel failed to contest on direct appeal the use of an unavailable witness's grand jury testimony. We reverse the district court's denial of Williams's Motion to Vacate. We remand, directing the district court to grant the motion and retry Williams on all counts. Although we find no error in the conduct of his trial counsel, Williams's attorney on direct appeal rendered ineffective assistance by failing to argue that his client's Confrontation Clause rights were violated by the admission of an unavailable witness's grand jury testimony.

In order to succeed on a claim of ineffective assistance of counsel, a petitioner must show that his attorney's representation was both deficient and prejudicial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A party "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88, 104 S.Ct. 2052. To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

Under the Sixth Amendment, the prosecution may not admit the testimonial statements of an unavailable witness unless the accused has a meaningful opportunity to confront the witness. *United States v. Yida,* 498 F.3d 945, 950 (9th Cir.2007); *see also Crawford v. Washington,* 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). In *Crawford,* the Supreme Court made clear that "testimonial" statements include "prior testimony at a preliminary hearing, *before a grand jury,* or at a former trial...." 541 U.S. at 68, 124 S.Ct. 1354 (emphasis added).

On direct appeal, Williams's representation was deficient because his counsel failed to argue that the Confrontation Clause precluded the admission of an unavailable witness's grand jury statement. Under *Crawford,* the grand jury testimony used against Williams was clearly inadmissible. *See id.; see also Yida,* 498 F.3d at 950. Williams's criminal trial concluded on June 20, 2003. The Supreme Court issued its opinion in *Crawford* on March 8, 2004. The direct appeal was submitted on September 14, 2004. Accordingly, appellate counsel had adequate time to take note of the *Crawford* decision and identify its significance in this case. Counsel's conduct fell below an objective standard of reasonableness because *Crawford* clearly established that the admission of the grand jury testimony violated the Confrontation Clause.

Appellate counsel's error was prejudicial. In light of *Crawford,* Williams had a powerful argument that his conviction was obtained in part through a violation of his rights under the Confrontation Clause. The statements used from the grand jury proceedings tended to prove the elements of two of the crimes charged—transportation of a minor for prostitution and sex trafficking of children—but all of the charges brought against Williams were intertwined. The grand jury testimony also laid the foundation for use of an expert who testified at length about the behavior of prostitutes. Furthermore, both the expert and the grand jury testimony served to corroborate the other central piece of evidence in the case—the videotaped deposition of the adult prostitute. Without the expert or grand jury testimony, it would have been considerably more difficult for the government to sustain its burden of proof on all of the charges against Williams.

Due to counsel's failure to argue this issue on direct appeal, this court then did not consider whether the admission of the grand jury testimony violated the Confron-

tation Clause. There is a reasonable probability that, if properly presented, this court would have found on direct appeal that the grand jury testimony was inadmissible after *Crawford.* In that case, Williams would have prevailed in his direct appeal. Accordingly, Williams was prejudiced by his appellate attorney's deficient performance.[1]

For the foregoing reasons, we reverse and remand, directing the district court to grant the Motion to Vacate so that Williams may face retrial.

**REVERSED AND REMANDED.**

---

1. We emphasize that Williams's trial counsel did not render ineffective assistance. The trial counsel acted reasonably in attempting to procure Williams's presence at the videotaped deposition. The error here lies with subsequent counsel who took on the direct appeal.