NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30215 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 4:14-cr-06053-EFS-1 |
| ROBERTO LLERENAS, JR., | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted July 12, 2018
Seattle, Washington

Before: CLIFTON and NGUYEN, Circuit Judges, and RAKOFF,** Senior District
Judge.

---

&ast; This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

&ast;&ast; The Honorable Jed S. Rakoff, Senior United States District Judge for
the Southern District of New York, sitting by designation.

1

Defendant Roberto L. Llerenas appeals his conviction on four counts of sex trafficking of children by force, fraud, or coercion in violation of 18 U.S.C. § 1591. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  Llerenas first contends that the phrase "reasonable opportunity to observe" in 18 U.S.C. § 1591 is unconstitutionally vague.  We disagree. Moreover, there is no doubt here about the reasonableness of Llerenas's opportunity to observe the age of his victims, as they were his own biological daughter and her close friend.

2.  Lleneras next argues that he was denied his Sixth Amendment right to a grand jury drawn from sources reflecting a fair cross-section of the community because Hispanic people were underrepresented. In order to establish a prima facie violation of the fair cross-section requirement, a defendant must prove, among other things, that any "underrepresentation is due to systematic exclusion of the group in the jury-selection process." *Duren v. Missouri*, 439 U.S. 357, 364 (1979). Assuming without deciding that there was in fact underrepresentation, Llerenas has offered no evidence that it was "inherent in the particular jury-selection process utilized," *Randolph v. People of the State of Cal.*, 380 F.3d 1133, 1141 (9th Cir. 2004) (quoting *United States v. Jackman*, 46 F.3d 1240, 1248 (2d Cir. 1995)), or "due to the system by which juries were selected," *Duren*, 439 U.S. at 367 (emphasis omitted). Llerenas's expert testified generally that "there's something

2

systematic going on that's . . . causing underrepresentation of Hispanics or Latinos," but he was unable to identify what that "something" was and relied only on statistical evidence. Where a defendant offers "nothing more than a simple disparity between the percentage of Hispanics in the venire and in the County," he has not met his burden to show that the disparity was systematic. *Randolph*, 380 F.3d at 1142.

3. Last, Llerenas argues that the district court abused its discretion by permitting Detective Derek Stigerts to testify as an expert on the relationship between pimps and prostitutes, and that this testimony violated his rights under the Confrontation Clause of the Sixth Amendment. The district court denied Llerenas's *Daubert* motion to exclude this testimony in its entirety, but ordered Llerenas to object at trial if he believed that any specific testimony was unreliable, irrelevant, or non-expert testimony, and ordered the Government to supplement the expert report to more clearly delineate the opinions to be offered.

As a general matter, we have previously held that "the relationship between prostitutes and pimps is not the subject of common knowledge," and therefore that expert testimony in this area can be helpful. *United States v. Brooks*, 610 F.3d 1186, 1196 (9th Cir. 2010); *United States v. Taylor*, 239 F.3d 994, 998 (9th Cir. 2001); *United States v. Williams*, 116 F. App'x 890, 892 (9th Cir. 2004). Specifically, expert testimony can help put the testimony and past behavior of

3

trafficked persons in context. *Brooks*, 610 F.3d at 1195-96; *Taylor*, 239 F.3d at 998. This was fully appropriate here. In *Brooks*, we also found that a police detective with less experience than Detective Stigerts was qualified to testify as an expert in this area. *Brooks*, 610 F.3d at 1196. Because his proffered testimony would be helpful, and Detective Stigerts was qualified, the district court did not abuse its discretion in denying the motion to exclude this testimony wholesale.

In his actual testimony at trial, however, Detective Stigerts sometimes strayed from his expertise regarding the relationship between pimps and prostitutes and simply confirmed—in response to leading questions phrased as hypotheticals—that the facts of this case are or could be consistent with the other sex trafficking cases he has investigated. Expert testimony is not merely a vessel for the Government to get expert endorsement of its closing argument. *Cf. United States v. Mejia*, 545 F.3d 179, 190 (2d Cir. 2008) (warning against permitting law enforcement experts to become "chronicler[s] of the recent past whose pronouncements on elements of the charged offense serve as shortcuts to proving guilt"). However, despite the district court's invitation to defense counsel to make individual objections during trial, Llerenas made very few, and only two that were overruled. With these two exceptions, Llerenas therefore failed to preserve his objections for appeal. *See* Fed. R. Evid. 103 advisory committee's note to 2000 amendment ("[W]hen the trial court appears to have reserved its ruling or to have

4

indicated that the ruling is provisional, it makes sense to require the party to bring the issue to the court's attention subsequently."); *Adkins v. Mireles*, 526 F.3d 531, 542 (9th Cir. 2008) ("[I]n order to appeal an issue on which the district court ruled *in limine,* a party must first receive a final ruling on the issue.").

Defense counsel did object to the Government's questioning the witness as to whether, in his experience, prostitutes are truthful when they talk with law enforcement. He also objected to the prosecutor's asking the witness whether parents have an advantage in trafficking their children. But the district court, rather than inquiring at this point as to the basis under Federal Rule of Evidence 702 for either of these opinions—and none is apparent in the record—simply overruled the objections peremptorily. This error, however, was harmless. Detective Stigerts' responses to these inquiries were not particularly prejudicial; the Government did not mention any of Detective Stigerts' testimony in closing, much less his limited responses to these few questions; and there was strong, direct evidence of guilt, including testimony from the victims and multiple other eyewitnesses.

Because Llerenas failed to object at trial on the ground that Stigert's testimony violated his rights under the Confrontation Clause, we review for plain error. *United States v. Reyes–Bosque,* 596 F.3d 1017, 1032 (9th Cir. 2010). Experts may offer opinions based on otherwise inadmissible testimonial hearsay if "experts in the particular field would reasonably rely on those kinds of facts or data in

forming an opinion on the subject," Fed. R. Evid. 703, and if they are "applying [their] training and experience to the sources before [them] and reaching an independent judgment," as opposed to "merely acting as a transmitter for testimonial hearsay," *United States v. Gomez*, 725 F.3d 1121, 1129 (9th Cir. 2013) (quoting *United States v. Johnson*, 587 F.3d 625, 635 (4th Cir. 2009)). Detective Stigerts' testimony falls squarely within this category. Though his opinions were based on, among other things, what he learned during hundreds of sex trafficking investigations over more than a decade, he did not simply repeat any out-of-court statements. He instead synthesized the information and reached independent conclusions about the power dynamics between pimps and prostitutes. Even on appeal, Llerenas points to no specifically objectionable testimony. Admitting this testimony was therefore not clear error.

AFFIRMED.